GEORGE E. ROCKWELL, Respondent, v. STANDARD
STAMPING COMPANY, a corporation, Appellant.

**St. Louis Court of Appeals.    Opinion Filed May 2, 1922.**

1. **NEGLIGENCE: Personal Injuries: Truck Striking Wagon: Speeding
Away: Identification of Truck: Evidence: Credibility.** In an action
by the driver of a team and wagon for personal injuries caused by
the wagon being struck by a skidding truck by reason of which he
was thrown to the street and injured, testimony of plaintiff who was
stunned by the fall, that after he was thrown to the street he
raised up and looked at the truck speeding away—by that time
forty of fifty feet from him, and saw the license number on the
back of the truck, etc., cannot be rejected as being opposed to
physical law and be branded as impossible.

2. ——: ——: ——: **Ownership: Name on Business Truck:
Prima Facie Evidence it Was Operated by Servant.** Proof of the
license number on a business truck showing the name of defendant
branded thereon was sufficient to establish the ownership in the
truck in the defendant, and sufficient prima facie to establish the
additional necessary fact that the truck at the time was being
operated by a servant or employee of defendant acting within the
scope of his employment.

3. ——: ——: ——: **Excessive Speed: Skidding: Evidence: In-
ferences Warranted.** In an action for personal injuries by the
driver of a team and wagon caused by the wagon being struck by a
skidding truck turning a street corner, while there was no direct
evidence as to what caused the automobile to skid, it appeared that
it began skidding just as it turned the corner, hence the jury were
warranted in inferring that the cause of the skidding was the ex-
cessive speed at which the truck was driven as it turned into the
intersecting street, thereby establishing a causal connection between
the negligent act in driving at an excessive speed and the injury to
plaintiff.

4. ——: ——: ——: ——: ——: **Proximate Cause of Injury.**
Where a collision occurred between a truck and a wagon about forty
or fifty feet from a street intersection, the truck making the turn
at a speed of about twenty-five miles an hour and skidded, *held* the
jury could reasonably conclude that the excessive speed at which

the truck was driven as it turned the corner caused it to skid over to the west side of the street and there strike plaintiff's wagon causing him to be thrown to the street and injured.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Moses Hartmann,* Judge.

AFFIRMED.

*M. U. Hayden* and *John P. Griffin* for appellant.

(1) Appellant in this case is a corporation. If it was in fact the owner of the automobile truck which struck respondent's wagon, it was, of course, not present at the time of the accident and is not liable, therefore, for damages caused by the alleged negligent operation of the truck unless at the time the truck was being operated by an employee or agent of appellant and unless such employee or agent was at the time engaged in the performance of some duty pertaining to his employment and was acting within the scope of his employment. Guthrie v. Holmes, 272 Mo. 215; Hayes v. Hogan, 273 Mo. 1; Whiteaker v. Railroad Co., 252 Mo. 438; Bolman v. Bullene, 200 S. W. 1068; Kilroy v. Crane Agency Co., 218 S. W. 425; Healy v. Cockrill, 202 S. W. 229, L. R. A. 1918 D. 115; Slater v. Thresher Co., 107 N. W. 133, 5 L. R. A. (N. S.) 598; Lotz v. Haulon, 66 Atl. 525, 10 L. R. A. (N. S.) 202; Danforth v. Fisher, 75 N. H. 111; Steffen v. McNaughton, 124 N. W. 1016. (2) The fact, it if be a fact, that appellant was the owner of the automobile truck which struck respondent's wagon, is not sufficient to sustain the verdict and judgment in this case. The burden was imposed upon respondent, under the theory upon which he brought his suit, to establish the further fact that at the time of the collision the automobile truck was being operated by an employee, agent or chauffeur in the employ of appellant, who was at the time acting within the scope of his employment. Proof of the mere fact of ownership

does not create the presumption that at the time of the accident the truck was being operated by an employee or agent of appellant, who was acting within the scope of his employment. Authorities cited under subdivision 1. (3) Evidence tending to establish that the defendant's truck which struck respondent's wagon was being operated at the time of and immediately prior to the collision, at an excessive rate of speed, is not alone sufficient to entitle respondent to recover. His proof must also tend to establish a causal connection between the alleged negligence and the collision. Stagg v. Coffee Co., 169 Mo. 489; Purcell v. Tennant Shoe Co., 187 Mo. 276; Harper v. Terminal Co., 187 Mo. 575 Bluedorn v. Railway Co., 251 Mo. 13; Waldman v. Skrainka Construction Co., 233 S. W. 242; Deschner v. Railroad Co., 200 Mo. 310; Strother v. Railroad Co., 188 S. W. 1102; Goransson v. Riter-Conley Mfg. Co., 186 Mo. 300; Roper v. Greenspon, 192 S. W. 149, and cases cited.

*Hall & Dame* for respondent.

(1) On demurrer to the evidence plaintiff is entitled to every favorable inference to be drawn from the evidence. Knorpp v. Wagner, 195 Mo. 637; Enloe v. Car and Fdry. Co., 240 Mo. 443; William v. Railroad, 257 Mo. 87. (2) Evidence that appellant's name was on the truck which collided with respondent made out a prima facie case for respondent to show that such truck was in charge of appellant's servant and that he was acting in the course of his employment at the time. Fleischmann v. Polar Wave Ice & Fuel Co., 148 Mo. App. 117; Phillips v. Western Union Tel. Co., 194 Mo. App. 467; Wiedeman v. Taxicab Co., 182 Mo. App. 528; Bosco v. Boston Store, 195 Ill. App. 133. (3) Where an automobile is identified by the number of its license plate and the automobile has a name on it, it is presumed that the automobile was owned by party whose name is on it, was being used on the business of the owner, but this presumption may be met and overcome by evidence.

Bogorad v. Dix, 176 App. Div. 774, 162 N. Y. Supp. 992; McCann v. Davison, 130 N. Y. Supp. 473 Ferris v. Sterling, 214 N. Y. 249; Patterson v. Milligan, 12 Ala. App. 324. (4) Evidence that defendant's truck was being operated at the rate of twenty to twenty-five miles per hour in turning the corner at Ninth street and Cass avenue, north, and operating it on the wrong side of the street, and collided with plaintiff's wagon on the west side of street going south, is sufficient to show that said truck was operated in violation of the Laws of Missouri, 1911, page 330, which required the operator to use the highest degree of care. Laws of Missouri, 1911 page 330; Fields v. Sevier, 184 Mo. App. 685; McFern v. Gardner, 121 Mo. App. 1; Hall v. Compton, 130 Mo. App. 675; Wheeler v. Wall, 157 Mo. App. 38; Millman v. Appleton, 124 N. Y. Sup. 482.

BIGGS, C.—This action for personal injuries resulted in a verdict and judgment for plaintiff in the sum of $2,000, from which the defendant has appealed, assigning error in the court's action in refusing to peremptorily instruct the jury to return a verdict for defendant at the close of plaintiff's evidence, which was the only evidence introduced in the case.

Plaintiff, a driver of a team and wagon, proceeding southwardly on the west side of Ninth street, a north and south public thoroughfare, and when about fifty feet north of Cass avenue, an east and west street, was thrown to the street and injured by reason of a truck, while being driven northwardly on Ninth street, striking the left front wheel of the wagon on which plaintiff was sitting.

The demurrer filed by the defendant at the close of plaintiff's evidence presents two questions, namely, first, whether the plaintiff's evidence was sufficient to prima-facie establish the necessary allegation in plaintiff's petition to the effect that at the time of the accident the truck was owned by the defendant and was then being operated by an agent of defendant acting within the

scope of his employment; and second, whether the plaintiff's evidence was sufficient to substantiate any of the allegations of negligence set forth in the petition.

The accident referred to happened at about five o'clock in the afternoon of the 26th day of October, 1918, which was a business day. As stated, the plaintiff was proceeding southwardly on the west side of Ninth street, a proper and lawful place for him to be at the time. When about forty or fifty feet north of where Cass avenue intersects Ninth street, the plaintiff's wagon on which he was riding was struck by an automobile truck which had turned north into Ninth street from Cass avenue and in some manner ran over onto the west or wrong side of the street and collided with the plaintiff's wagon. The evidence indicated that the rear wheels of the truck skidded over to that side, striking the left front wheel of the wagon, causing plaintiff to be thrown to the street and injured.

Plaintiff testified that after he was thrown to the street he raised up from the ground and looked at the truck, which was going north on Ninth street and by that time was perhaps forty or fifty feet from him, and saw the license number on the back of the truck, being No. 24038; that at the time of the collision the truck was going about twenty-five miles an hour and had turned from Cass avenue into Ninth street and swerved to the west side of Ninth street before the collision. Plaintiff stated that the truck appeared to be a large sized truck with curtains. He had never seen the truck before, but stated the wheels "looked to be yellow, a dirty looking yellow," and that the body of the truck was painted dark. The truck proceeded northwardly, and so far as the record discloses no one saw it except one witness, who stated that the truck looked like a large delivery truck. This witness arrived on the scene immediately after the accident, picked up the plaintiff from the street, and was given by plaintiff the number referred to. A police officer arrived shortly afterward and was given this number. This officer stated that he saw marks on the

street in a semicircle which appeared to have been made by the skidding of an automobile. At about six o'clock, or one hour later, this officer went to the place of business of the defendant at Second and Chambers streets in the City of St. Louis, but found no one there except a night watchman, who admitted the officer to the garage of the defendant. The officer there found a truck which bore the license plate No. 24038, being the same number given him by the plaintiff. This appeared to be a large delivery truck painted dark red with a top on it and curtains down the side, and in the center of the truck there were stakes to be taken in and out to load and unload goods. The officer testified that this license number was on the back of the machine securely fastened under the bed of the truck, and that the name "Standard Stamping Company" was on the side of the truck. Plaintiff was unable to say whether the truck had any stakes on it. The officer does not say whether the stakes referred to were on the rear of the truck or on the side. He describes them as being in the center of the truck. If the stakes were on the side plaintiff could not have seen them when looking at the truck from the rear, as it was speeding away from the scene.

It is argued by defendant that the foregoing evidence is insufficient to establish ownership of the truck because of the improbability of the truthfulness of the plaintiff's story, in that the plaintiff having been thrown to the street landing on his back it would be impossible for him to observe the number on the license plate on the back of the truck which was speeding northward and away from him, considering the fact that the plaintiff testified the truck was going twenty-five miles an hour.

Considering the fact as shown by the evidence that the plaintiff was stunned by his fall to the street, it might appear to many as unusual and improbable that he could almost immediately thereafter look up and obtain the number of the truck speeding away. Still we cannot say that the occurrence as disclosed by the testimony can be absolutely rejected as being opposed to

physical law and be branded by us as being impossible. As was said by the Supreme Court in Kibble v. Railroad, 285 Mo. 603, 227 S. W. 42, l. c. 46, this can only be done when that conclusion is so clear and irrefutable that no room is left for entertainment by reasonable minds of any other. Plaintiff having been run into by the truck, thrown to the street and thereby stunned, it is not altogether unreasonable to suppose that immediately upon regaining his normal state of mind that he should at once seek out the one responsible for the accident.

We think the evidence of plaintiff, coupled with that of the officer who found the truck, the number being disclosed by the plaintiff, showing the name of the defendant branded on the truck, was sufficient to establish ownership of the truck in the defendant. It is asserted however by defendant's counsel that ownership of the truck was not sufficient to prima facie establish the additional necessary fact that the truck at the time was being operated by a servant or employee of defendant acting within the scope of his employment. In other words, that it was incumbent on the plaintiff not only to show that the defendant owned the truck at the time, but also that at the time it was being operated by defendant's employee, and that under the law it cannot be presumed because defendant owned the truck at the time, that it was operated by its employee acting within the scope of his employment.

In considering the question it should be noted the evidence established that this was a business truck, and at the time was being operated by some one during ordinary business hours of the day.

In the case of Fleishman v. Ice & Fuel Company, 148 Mo. App. 117, 127 S. W. 660, it was shown that defendant's name was on the wagon which collided with a standing wagon, causing plaintiff's injuries. It was further shown that the wagon was similar to many other wagons used by the defendant in its business and seen in its yard in the immediate vicinity of the accident, and further

that the wagon at the time was coming from the direction of said yard, and that no other concern used similar wagons. As in the present case, defendant in the Fleishman case, offered no evidence to prove the vehicle did not belong to it, was not in charge of its servants, or, if it was, that the servants were not in the performance of a task for defendant at the time, but engaged upon some purpose of their own. In addition, the defendant in the Fleishman case sent a physician to examine plaintiff and ascertain the extent of her injuries. It was there held that this evidence was sufficient to establish prima facie that the wagon which caused plaintiff's injuries was owned by defendant, was in charge of its servants, and that they were engaged in its service when the collision occurred.

In this Fleishman case Judge Goode refers to many authorities from other jurisdictions, which indicate that the proof of ownership alone in such a case would be sufficient to establish the fact that the vehicle was being operated by a servant of defendant acting for the defendant at the time. Many cases are referred to in the opinion, which hold that the name of the defendant being on the vehicle was prima-facie proof of ownership, and that the vehicle at the time was in charge of defendant's servants acting on behalf of defendant.

We think well of the decision in the Fleishman case not only as to the point directly in issue, but also as to what is said *obiter,* notwithstanding the criticism leveled against it in LaBatt on Master & Servant, sec. 2281 a, page 6886.

The Fleishman case has been cited and approved by the Courts of Appeal a number of times, and has been expressly commended by the Supreme Court in the case of O'Malley v. Construction Company, 255 Mo. 386, l. c. 391, 164 S. W. 565, where it is said:

"There being sufficient evidence to warrant a finding of defendant's ownership of the wagon, it was not necessary for plaintiff to show affirmatively that the driver was defendant's servant. This question is well

settled in Fleishman v. Ice & Fuel Co., 148 Mo. App. 117. The same decision answers the suggestion relative to the evidence that the driver was acting within the scope of his employment.''

A number of authorities in other jurisdictions have approved the doctrine of the Fleishman case. [See McCann v. Davison, 145 App. Div. 522, 130 N. Y. Supp. 473; Hartnet v. Hudson, 165 N. Y. Supp. 1034; Potts v. Pardee, 220 N. Y. 431; Mosco v. Boston Store, 195 Ill. App. 133; Baker v. Maseeh, 20 Ariz. 201, 179 Pac. 53; Vonderhorst Brewing Company v. Amrhine, 98 Md. 406; Joyce v. Capel & Slaughter, 8 Car. & P. 370, Edgeworth v. Wood, 58 N. J. L. 463.] See, also, Berry on Automobiles (3rd Ed.), par. 1064, page 1000, where the question is well and exhaustively considered and where a number of other authorities are collected to the same effect. The author shows a contrary doctrine has been declared in other jurisdictions (Par. 1065). In the note to White Oak Coal Co. v. Rivoux (Ohio), 46 L. R. A. (N. S.) 1091, and also in note to West v. Kern (Oregon), L. R. A. 1918 D. 924, many authorities on the subject are collected.

In 1 Shearman & Redfield on Negligence (6 Ed.), par. 158, it is said:

''When the plaintiff has suffered injury from the negligent management of a vehicle, such as a boat, car or carriage, it is sufficient prima-facie evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person, for whose negligence the owner would not be answerable.''

Since the advent of the automobile and its almost universal use many accidents occur where the automobile speeds away from the scene notwithstanding the criminal

laws of the State pronounce such action a felony on the part of the driver. In such cases it would be a harsh rule to require the plaintiff to do more than prove the ownership of the vehicle. Such ownership being established it is not a harsh rule to require the defendant to come forward with his evidence and show that the vehicle was not under his, or his agent's control at the time. Such proof on the part of the defendant to the effect that the vehicle was not under his control being established, the effect of the presumption which arises from the proof of ownership is destroyed, and it is then incumbent on the plaintiff to produce some evidence of the fact that the vehicle at the time was under the control of the defendant. [Guthrie v. Holmes, 272 Mo. 22, 198 S. W. 854; Kilroy v. Crane Agency, 203 Mo. App. 302, 218 S. W. 425.]

It is said, however, by the defendant that the later cases in the Supreme Court, namely, Guthrie v. Holmes, 272 Mo. 215, and Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, establish a different rule and require that before the presumption can arise that the person operating the vehicle was acting for the defendant and within the scope of his employment, two things must necessarily be shown by plaintiff's evidence, namely, ownership of the automobile, and the further fact that the person driving it was in the employ of the owner.

It is quite true that in Guthrie v. Holmes, *supra,* our Supreme Court ruled in a case where the plaintiff's evidence established ownership of the car in the defendant, and that the car at the time was being operated by the defendant's chauffeur, that such evidence made a prima-facie case for plaintiff, and that from it the presumption of fact arises that the chauffeur at the time was acting for defendant and in the scope of his employment. Such evidence appeared in plaintiff's case, and it was held it was sufficient to raise the presumption. However, it was not ruled whether something less than the proof of these two facts would suffice, and whether or not proof of ownership alone would be sufficient to raise the presumption.

210 M. A.—12

In Hays v. Hogan, *supra,* a father purchased a family automobile, and while it was being used by his son for a pleasure trip of his own the injuries to plaintiff were inflicted through the alleged negligence of the driver of the car. It was there held that the father was not liable for the acts of the son in using the automobile for his own pleasure. All of the evidence both for the plaintiff and the defendant was before the court and the question was not directly in issue as to whether or not proof of ownership in the defendant was sufficient to prima facie establish the fact that the automobile at the time was under the control of the defendant. It appeared from all the evidence that the son was not acting for the father at the time, and while the language of Judge Woodson indicates that the proof of ownership of the car by the father, which was being driven by the son with his consent, was insufficient to raise a presumption that the son was acting for the father and within the scope of his authority, we do not think that question was directly before the court in view of the fact, as stated, that all of the evidence for both plaintiff and defendant was being considered and from such evidence it appeared that the son was upon a pleasure trip of his own and not in anywise acting on behalf of his father.

In view of this situation we feel it our duty to follow the Fleishman case, which was expressly approved by the Supreme Court in the case of O'Malley v. Construction Company, supra, and rule that proof of defendant's ownership of the automobile when considered with other circumstances in the evidence was sufficient to make a prima-facie case for the plaintiff. Ownership implies possession and control. Especially is this true in a case where as here the car is a business vehicle being operated during business hours. It is a just rule and one of necessity, especially since the advent of the automobile. It casts no special hardship on the owner, who can easily show by positive evidence that the vehicle was not under his control at the time, or if in charge of his agent, that such agent was not acting for him if such are the true facts.

As a further reason why its demurrer should have been sustained, the defendant asserts that there was a failure on the part of the plaintiff to produce evidence to sustain any of the averments of negligence stated in the petition, and it is argued that even if negligence was shown, there was a failure to establish a causal connection between any of the allegations of negligence and the injury.

The acts of negligence charged were (1) that defendant negligently operated the automobile truck at a rate of speed which, under the circumstances, was an excessive, unsafe and dangerous rate of speed; (2) that defendant failed to properly guide and turn said automobile; (3) that defendant failed to reduce the speed of and stop the automobile; (4) that defendant negligently drove the automobile northwardly on the left hand side of Ninth street; (5) that defendant failed to drive the automobile truck in a careful and prudent manner and at such a rate of speed as not to endanger the plaintiff, and (6) an allegation of negligence under the last chance doctrine.

According to plaintiff's evidence he was traveling southwardly well over on the west side of Ninth street; that when he arrived at a point about forty feet north of Cass avenue the truck of the defendant approached on Cass avenue from the east, turned the corner northwardly into Ninth street traveling at a speed of about twenty-five miles an hour; that as it came around the corner it started skidding and went over onto the west side of Ninth street, the rear wheel of the truck striking the plaintiff's wagon. For one to drive an automobile around a corner anywhere at that rate of speed, was evidence tending to prove the charge to the effect that the defendant negligently operated the truck at an excessive, unsafe and dangerous rate of speed. Such an act is especially dangerous where, as here, the automobile was being driven in a populous portion of the city, such as Ninth and Cass avenue. While there was no direct evidence as to what caused the automobile to skid, it ap-

peared that it began skidding just as it turned the corner, and the jury were warranted in inferring that the cause of the skidding was the excessive speed at which the truck was driven as it turned into Ninth street, thereby establishing a causal connection between the negligent act in driving at an excessive speed and the injury to plaintiff.

It is axiomatic that the plaintiff carried the burden of showing with reasonable certainty that the negligent act of the defendant was one of the proximate causes of the injury and that such fact must not be arrived at by speculation and conjecture. The causal connection, however, can rarely be shown by direct evidence and is usually arrived at by inferences which may reasonably and legitimately be drawn from the facts. In the present case the jury could reasonably conclude that the excessive speed at which the truck was driven as it turned the corner caused it to skid over to the west side of Ninth street and there strike plaintiff's wagon, causing him to be thrown to the street and injured.

When it appears, as here, that the plaintiff was driving southwardly on the proper side of the street, and the defendant's truck was driven northwardly on the street in such a manner that it gets over onto the west or wrong side and collides with the plaintiff's wagon, the conclusion is nearly irresistible that the truck was being negligently driven.

The point is ruled against the defendant, which disposes of all its contentions.

It is recommended that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of Biggs, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. Allen, P. J., *Becker* and *Daues, J.,* concur.