Lorraine EVANS (Plaintiff), Respondent,

v.

Mary COLOMBO (Defendant), Appellant.

No. 29846.

St. Louis Court of Appeals.

Missouri.

March 7, 1958.

Motion for Rehearing or to Modify Opinion or to Transfer to Supreme Court Denied April 1, 1958.

J. D. Leritz and J. L. Leritz, St. Louis, for appellant.

Douglas H. Jones, Charles A. Lee, Jr., Barnhart & Sommers, Cleo V. Barnhart, Don B. Sommers, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal by Mary Colombo from a judgment for $5,500 against her in a suit by Lorraine Evans for personal injuries sustained in an automobile collision at or near the intersection of Kingshighway and Magnolia Avenue in the City of St. Louis.

Kingshighway, a 6-lane avenue, runs north and south. Magnolia Avenue runs from east to west and intersects with but does not extend across Kingshighway. Magnolia slopes slightly downward toward Kingshighway from east to west. The intersection itself is practically level. The street surfacing at the intersection is asphalt. Traffic at the intersection is controlled by electric signals which permit westbound traffic on Magnolia to make a left-hand turn into Kingshighway while north and southbound traffic on Kingshighway is stopped. It was raining at the time of the collision, and the asphalt was wet, slick and slippery. Plaintiff, operating a Buick automobile north on Kingshighway in the third lane from the east curbing, immediately next to the center line of the street, brought her car to a stop on account of the electric signals, one car length behind another automobile. The Buick was then about three car lengths south of the south line of Magnolia Avenue, extended, and about two feet east of the center line of Kingshighway. Defendant, operating a Mercury automobile west on Magnolia, proceeded to make a left-hand turn into Kingshighway on the "Arrow" signal. While in the process of making the left-hand turn, the back end of the Mercury began to skid counterclockwise. The Mercury made a complete about-face turn, crossing the center line of Kingshighway, and colliding with the stationary Buick east of the center line. The Mercury came to rest facing northeast, with its right side against the left side of the Buick. The impact pushed the Buick two or three feet east. Plaintiff testified that the Mercury "did a spin or turn," "did a complete turn," and that it "continued to go clear around." Plaintiff testified that she did not know what caused the Mercury to *skid*. A police officer, called by plaintiff, testified that defendant told him that she was driving the Mercury 15 miles per hour when she first noticed danger, 10 miles per hour at the instant of impact; that defendant stated to him that it was raining, that the streets were wet and that she was going west, making a left turn into Kingshighway and that *"due to the wet condition, her car skidded and she lost control"* and that was what caused her car to swing around and strike the Buick. Plaintiff also introduced certain "admissions" from defendant's deposition. Among other testimony thus adduced by plaintiff was defendant's sworn statement that as she was going to turn left her car *skidded* and the back end swerved around counterclockwise and was headed north when the car stopped. Defendant testified that it was hailing and that there was a heavy rainstorm; that she stopped at Kingshighway for the stop sign, waited a minute and then turned left at an arrow signal, proceeded in low gear and attained a

speed of 10 miles per hour; that another car ahead of her successfully made the left turn; that while she in her Mercury was turning left the rear of the Mercury skidded counterclockwise and made a complete turn, striking the Buick's left front fender; that defendant did not apply her brakes or step on the gas after she started to skid.

Plaintiff pleaded several assignments of primary negligence, one of which was a charge of common law negligence: that defendant negligently drove and operated an automobile "over onto the wrong side or the east side of said Kingshighway Boulevard and into collision with the automobile which plaintiff was operating." Plaintiff's verdict-directing Instruction No. 1 submitted that defendant negligently drove an automobile westwardly on Magnolia and turned left into Kingshighway and that in so doing defendant did "cross over the center line and into the northbound traffic lane of said Kingshighway and into the left side and into collision with the automobile plaintiff was driving." Defendant's verdict-directing Instruction No. 5 submitted the slippery condition of the streets and directed a verdict for defendant upon a finding that the Mercury slid and slipped into collision with the Buick without negligence on defendant's part.

Defendant-appellant's first point is that the court erred in overruling appellant's motions for a directed verdict and for judgment notwithstanding the verdict for the reason that the evidence shows nothing but skidding of a motor vehicle, which does not necessarily constitute negligence or raise an inference of negligence, and that there is no proof of any act of omission or commission by which defendant *caused* the Mercury to skid and spin or from which an inference of negligence might be drawn; that the jury was required to speculate and guess as to what negligence on the part of defendant was responsible for plaintiff's injuries. Plaintiff seeks to support the judgment on the theory that a submissible case of negligence was made in that defendant's car was shown to have crossed over the center line of Kingshighway and onto the wrong side, striking plaintiff's car at a place where it had a right to be.

Ordinarily, proof of the driving of an automobile from the driver's right-hand side of the highway across the center line onto the wrong side and into collision with plaintiff's automobile makes a submissible case of negligence. In that situation the burden is not upon plaintiff to exclude the possibility of accident or of other causes for which defendant is not liable. Proof of driving across the center line is substantial evidence that the injury resulted from a cause for which defendant is liable. In the instant case, however, plaintiff introduced evidence that the Mercury skidded across from the right to the wrong side of the center line. Plaintiff is bound by the evidence relating to skidding because it was the uncontradicted testimony of her own witnesses. Craddock v. Greenberg Mercantile, Inc., Mo.Sup., 297 S.W.2d 541. Proof of skidding of an automobile into collision with another does not necessarily establish negligence. While there are some circumstances under which an inference of negligence may be drawn from skidding, Rodefeld v. St. Louis Public Service Co., Mo.Sup., 275 S.W.2d 256, and cases cited; Statler v. St. Louis Public Service Co., Mo.App., 300 S.W.2d 831, and cases cited, there are other circumstances in which such an inference may not be drawn from that fact. Heidt v. People's Motorbus Co. of St. Louis, 219 Mo.App. 683, 284 S.W. 840; Story v. People's Motorbus Co. of St. Louis, 327 Mo. 719, 37 S.W.2d 898; Polokoff v. Sanell, Mo.App., 52 S.W.2d 443; Neely v. Freeze, 240 Mo.App. 1001, 225 S.W.2d 144; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872; Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59. Plaintiff's evidence leaves it to conjecture whether the skidding was accidental and due to weather conditions (thus justifying the crossing of the center line), or whether the Mercury went into a skid as a result of some act of negligence on the part of defendant,

such as traveling at an excessive speed, improperly applying the brakes, too abruptly turning the steering wheel, or some other act of omission or commission (thus rendering inexcusable the crossing of the center line). Where the evidence introduced by plaintiff justifies the drawing of two inferences, one of which would support a verdict for plaintiff and the other not, plaintiff's case fails. State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S.W.2d 99; Fryer v. St. Louis-San Francisco R. Co., 333 Mo. 740, 63 S.W.2d 47.

■ Proof of skidding across a center line does not make a submissible case of negligence simply because the center line was crossed. The proximate cause of a given result is

" 'the cause which, in a natural and continuous sequence, unbroken by any new and independent or efficient, intervening cause, produced the result complained of, and without which the same would not have occurred. It satisfies the requirements of proximate cause that the negligence for which recovery is sought was the efficient force which set in motion the chain of circumstances leading up to the injury itself; and the primary cause will be the proximate cause, notwithstanding the presence in the case of such chain of circumstances, where it is so linked and bound to the succeeding events that they all create or become a continuous whole, the first so operating upon those that follow as to make it primarily productive of the injury.' "

Sisk v. Chicago, B. & Q. R. Co., Mo.App., 67 S.W.2d 830; Louisville & N. R. Co. v. Beatrice Foods Co., Mo.App., 250 S.W.2d 825, 828. The skidding in the instant case was but one link in the chain of circumstances. The proximate cause of the collision is to be found in the cause of the skidding. Under this record the crossing of the center line, occurring as it did late in the sequence of events preceding the collision and not constituting an intervening

cause, was not and could not have been the *proximate* cause of the collision. The cause of skidding is the important thing, and the burden is upon plaintiff in this situation to introduce substantial evidence showing with reasonable certainty that the skidding, and consequent crossing of the center line, resulted from a cause for which defendant is liable. In the skidding cases cited by plaintiff in which a submissible case was upheld the evidence clearly showed the commission of a negligent act causing the skidding. In Rafferty v. Levy, Mo.App., 153 S.W.2d 765, the cause of the skidding was the act of the truck driver in turning the wheels of the truck out of the streetcar tracks in such a manner as to force the truck violently out of the tracks and into a skid. In Rockwell v. Standard Stamping Co., 210 Mo.App. 168, 241 S.W. 979, the cause of the skidding was the excessive speed at which the truck was driven as it rounded the corner. In Neely v. Freeze, 240 Mo.App. 1001, 225 S.W.2d 144, the cause of the skidding was the act of the defendant in putting on his brakes at a speed of 20–25 miles per hour while rounding a slick, icy curve in the highway. Plaintiff failed to show that the proximate cause of the skidding and resultant collision was the negligence of defendant, and the judgment therefore must be reversed for failure of proof.

■ Defendant-appellant's second point is that the giving of Instruction No. 1 was error. This point also must be sustained. The only facts hypothesized were the crossing of the center line, the collision and the injury. The instruction did not define the issue actually tried. It completely ignored plaintiff's own evidence that the skidding was a circumstance in the chain of causation. Unrealistically, it took no account of the outstanding and uncontradicted fact in the case (skidding) and gave the jury no help in determining whether the skidding was due to the negligence of defendant or not. In spite of the fact that plaintiff injected the element of skidding into the case the jury was permitted, by

Instruction No. 1, to return a verdict against defendant if defendant's automobile crossed the center line and struck plaintiff's automobile, regardless of the reason for the crossing, whether excusable or inexcusable, without any consideration of the manner in which the crossing occurred (while skidding) and without requiring the finding of any negligent act on the part of defendant which caused the skidding-crossing. McCollum v. Winnwood Amusement Co., 332 Mo. 779, 59 S.W.2d 693, loc. cit. 698; Wren v. Suburban Motor Transfer Co., Mo.App., 241 S.W. 464, loc. cit. 470; Alexander v. Barnes Grocery Co., 223 Mo. App. 1, 7 S.W.2d 370, loc. cit. 373. This left the jury to speculate and conjecture upon defendant's negligence or lack of negligence, without any guide or standard other than their own conception of the law of negligence.

■ Not only the instruction but also the evidence permitted the jury to guess and speculate as to the existence and nature of defendant's negligence. A verdict based upon conjecture and speculation cannot be permitted to stand. Annin v. Jackson, supra.

Defendant-appellant also complains of the size of the verdict, but our disposition of the first two points renders unnecessary a review of the claim of excessiveness.

■ Although the judgment must be reversed we are of the opinion, considering the whole record, that there is a strong possibility that plaintiff can make a submissible case upon the theory that while in charge of and operating the Mercury automobile defendant committed an act or acts of negligence which resulted in the skidding of the automobile and the resultant collision. Accordingly, the Commissioner recommends that the judgment be reversed and that the cause be remanded to give plaintiff an opportunity to amend her petition, if she be so advised, and for a new trial.

## PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded to give plaintiff an opportunity to amend her petition, if she be so advised, and for a new trial.

MATTHES, Acting P. J., and ANDERSON, J., concur.

CLEMENS, Special Judge, dubitante.

## HOUSER, Commissioner.

In the trial and appeal of this case plaintiff took the position that defendant's car turned, spun and skidded across the center line and into collision with plaintiff's car (but that the skidding was not the sole proximate cause of the casualty; that there were other factors—acts of negligence on the part of defendant from which the jury could have inferred negligence). In her motion for rehearing, to modify or transfer plaintiff now takes the position that this is not a skidding case and that from plaintiff's own testimony and from certain circumstantial evidence, which it is contended contradicts the evidence of skidding given by some of plaintiff's witnesses, the jury could infer that defendant "in making her left-hand turn just simply continued to turn the automobile in a circle, until it crossed over the center of the line of Kingshighway, going in the opposite direction from which she had come, and striking the automobile of plaintiff, * * *." Plaintiff emphasizes her testimony that defendant's car "did a complete turn" and "continued to go clear around."

While plaintiff in her testimony did not use the word "skid" she did use the term "spin," as follows: "I saw her car starting to turn and spin * * *;" "* * * she was making her left-hand turn into

Kingshighway, and then the car did a spin or turn." It is difficult to differentiate between an automobile skidding and spinning. Defendant's counsel, in cross-examining plaintiff, several times used the term "skidding" and once used the term "skidding and sliding around" in framing his questions but at no time did plaintiff object to the use of this terminology, correct or contradict him in the use thereof, or deny that defendant skidded, and when finally asked "Do you have any knowledge or information as to what caused her car to skid?" plaintiff answered, "No, sir." Plaintiff's testimony, taken as a whole, warrants the conclusion that plaintiff was taking for granted and conceding that defendant's car skidded, spun and slid across the center line.

The same conclusion follows from a reading of plaintiff's brief. Defendant's statement of facts contains the following account of the movement of defendant's car: " * * * as appellant was in the process of making a turn, the back end of her car began to skid counter-clockwise, and made a complete about-face turn * * *." Plaintiff's brief commences with the concession that appellant's statement of facts is "essentially satisfactory," except for certain omissions which plaintiff undertakes to supply, but none of which relates to turning or skidding. Plaintiff did not deny that defendant's car skidded but sought to support a recovery with concomitant skidding. Plaintiff's Point I–C is that "The skidding of a motor vehicle may be the result of negligence and negligence may be inferred therefrom." Plaintiff cited Rafferty v. Levy, Mo.App., 153 S.W.2d 765, concededly a skidding case, as a "very similar factual situation" and Rockwell v. Standard Stamping Co., 210 Mo.App. 168, 241 S.W. 979, another skidding case, as a decision of "this same issue." Plaintiff

argues that Heidt v. People's Motorbus Co. of St. Louis, Mo.App., 9 S.W.2d 650, in which it was held that it was for the jury to determine whether or not the skidding of a motorbus was caused by defendant's negligence, supports the action of the trial judge in the instant cause. Under Point C in the argument, respondent's brief, page 20, plaintiff says "To the extent that skidding is involved in the instant case, it may be noted that there are numerous cases, in addition to those already cited, in which recovery is permitted in spite of (and sometimes for the reason of) skidding where the evidence is not limited to skidding alone as the 'sole factual cause' of the occurrence." Plaintiff noted that appellant omitted reference to Statler v. St. Louis Public Service Co., Mo.App., 300 S.W.2d 831, "in spite of the fact that the same issue of 'skidding' was squarely before this Court therein." Plaintiff concludes that "The 'skidding' herein was not the 'sole factual cause' of the occurrence * * *."

■ Plaintiff introduced evidence that defendant's car skidded and did not refute that fact. As we stated in the opinion, plaintiff is bound by that evidence. Plaintiff briefed this appeal on that theory and cannot now alter her position, take an inconsistent stand and contradict that fact. The motion for rehearing or to modify or to transfer should be overruled.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

Accordingly, respondent's motion for rehearing or to modify or to transfer is overruled.

ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.