Lorraine EVANS, Respondent,

v.

Mary COLOMBO, Appellant.

No. 46957.

Supreme Court of Missouri,

En Banc.

Jan. 12, 1959.

J. D. Leritz, J. L. Leritz, St. Louis, for appellant.

Douglas H. Jones, Charles A. Lee, Jr., St. Louis, for respondent, Barnhart & Sommers, Cleo V. Barnhart, Don B. Sommers, St. Louis, of counsel.

EAGER, Judge.

This case was brought here upon application for transfer from the St. Louis Court of Appeals; the opinion of that court appears at 311 S.W.2d 141. The suit is one for personal injuries arising from a collision of automobiles in the City of St. Louis. We adopt the facts as stated by the Court of Appeals, with such slight additions as may be noted in the course of the opinion. Some repetition may be necessitated by our references to certain issues. Plaintiff recovered a verdict and judgment for $5,500; the Court of Appeals reversed, holding that plaintiff had not made a submissible case, but remanded the case; it further held that a verdict-directing instruction of plaintiff was erroneous. We arrive at the same result as did the Court of Appeals, but by a slightly different route. We have concluded that plaintiff did make a submissible case, and that the instruction was erroneous.

Plaintiff, with passengers in her Buick car, had stopped in the inside northbound lane of Kingshighway, a six-lane street, about three car lengths back from its "T" intersection with Magnolia. The traffic was controlled by light signals. Defendant, alone in a Mercury car and headed west on Magnolia, was making a left turn into Kingshighway. It was raining and the asphalt surfaces were slick; Magnolia sloped downward somewhat as it approached Kingshighway. As defendant made her turn, from west to south, her car began to skid counterclockwise, and it thereafter traveled an almost complete semicircle in excess of its intended left turn; in so doing, it practically reversed the direction of its movement. In the course of this movement it struck the left front of plaintiff's stationary car; it then (according to some of the testimony) continued on until it occupied, generally, the space between plaintiff's car and the car stopped ahead of her to the north, and "touched" or "hit" the rear bumper of that car. There is a fair inference that the movement after striking plaintiff's car was generally forward, and that defendant's motor was running and propelling the car. In this movement defendant's car crossed the center line to the extent that the major part of it was east of that line when it stopped, headed north or northeast. The front of plaintiff's car was knocked eastwardly by the impact, a distance estimated by her as two or three feet. The movement of defendant's car was variously referred to or described as: a "turn and spin" (plaintiff), "skidded" or "skidded and lost control" (defendant's oral statements introduced by plaintiff), "her car skidded and she lost control" (defendant's oral statement to policemen, offered by plaintiff), "continued to go clear around" (plaintiff), "and my car skidded and the back end just swerved around" (defendant's deposition introduced by plaintiff). There can be no doubt that the car did skid, and that the case was tried on that theory (see, also, opinion of the Court of Appeals on rehearing, 311 S.W.2d at pages 146–147) although plaintiff assailed the original opinion of the Court of Appeals because it considered the case as a skidding case. In fact, counsel for plaintiff now state, in a supplemental brief filed here, that the evidence of both parties "indicated that defendant's automobile did skid in its process of making its left-hand turn * * *."

■ It is true that evidence of *mere skidding* does not make a submissible case, if there is nothing more. Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59; Heidt v. People's

Motorbus Co. of St. Louis, 219 Mo.App. 683, 284 S.W. 840; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872; Karch v. Stewart, Mo., 315 S.W.2d 131; Polokoff v. Sanell, Mo.App., 52 S.W.2d 443. But this rule, it is said, applies only where the evidence shows that the skidding "is the 'sole factual cause.'" Rodefeld v. St. Louis Public Service Co., Mo., 275 S.W.2d 256, 258, citing Dodson v. Maddox, 359 Mo. 742, 223 S.W.2d 434, and Story v. People's Motorbus Co., 327 Mo. 719, 37 S.W.2d 898. See, also, Karch v. Stewart, Mo., 315 S.W.2d 131, 135, which so holds. And, although negligence may not be inferred from skidding alone, it may be found or inferred from evidence and circumstances of which skidding is a part. Triplett v. Beeler, Mo., 268 S.W.2d 814; Statler v. St. Louis Public Service Co., Mo.App., 300 S.W.2d 831; Rodefeld, supra; Story, supra; Dodson, supra; Bear v. Devore, Mo.App., 177 S.W.2d 674. In some circumstances it may be inferred that the skidding was caused by negligence. Triplett, supra. And in certain "skidding" cases specific negligence has been affirmatively shown, either as the cause of the skidding or as an independent proximate cause of the injury. Rodefeld, supra; Trump v. Ballinger, Mo., 317 S.W.2d 355, 359; Karch v. Stewart, Mo., 315 S.W.2d 131; Statler, supra; Triplett, supra.

We have concluded that the evidence here did show more than a "mere skidding." There was evidence indicating the following: that defendant was making her left turn at 15 miles an hour on slippery, wet asphalt streets, and that she was traveling at 10 miles an hour at the time of the impact; that another car had made the same left turn safely ahead of defendant; that her car turned or swung, counterclockwise, a substantially complete semicircle in deviation from her intended course; that the right front of defendant's car struck the left front fender of plaintiff's car and that defendant's car then continued on (generally forward) until it occupied the vacant space ahead and north of plaintiff's car, and at least touched the bumper

(defendant herself said "It hit the * * * bumper") of a car stopped some distance ahead of plaintiff; that the impact with plaintiff's car knocked the front of that car eastwardly, perhaps 2 or 3 feet; that defendant's turn or mode of turning prompted plaintiff to stop further back, and sooner, in the line of traffic than she normally would; and that defendant at no time applied her brakes, which were in good condition. There was no evidence of defendant's use or attempted use of her steering mechanism after the skid started. It seems clear that defendant's car was being propelled by its own motor at the time of, and after, its impact with plaintiff. We hold that from all these circumstances a jury might properly infer that there was negligence in the continued operation or driving of the car across the center line and into collision with plaintiff. The petition charged, among other things, that defendant negligently drove and operated the car onto the east side of the street and into collision; this was, in substance, the assignment of negligence which plaintiff attempted to submit in her Instruction No. 1. No negligence in causing the skid was charged or submitted; nor was any negligence submitted in failing to properly control the car after the skid started. As stated by the Court of Appeals [311 S.W.2d 144]— "Ordinarily, proof of the driving" of a car onto the wrong side of the highway and into collision makes a submissible case of negligence. See also: Hanson v. Tucker, Mo., 303 S.W.2d 126; Harris v. Hughes, Mo.App., 266 S.W.2d 763. This case, on its facts, is rather close because of the absence of more definite and affirmative evidence, but we are constrained to hold that the evidence showed more than a "mere skidding," and that an inference of negligence might fairly have been drawn in the respect so charged; and this, outside the realm of "conjecture." The driving and operating of a car across the center line properly involves not merely the actual and immediate crossing of the line, but also the mode of driving and operating the car preceding that crossing, and which

resulted in the crossing; or, in other words, so much of the entire occurrence, fairly considered, as caused the crossing. Thus, negligence so charged and found might also be properly found to be the proximate cause of the injury. Upon a proper submission of this case a jury might find that a purely accidental skidding was the proximate cause, but that is not for our determination here. Substantial evidence of negligence in causing the skidding would surely make out a submissible case, and might be found to be the proximate cause; but that specific showing is not, in our opinion, a prerequisite to liability on the particular facts which we have here.

■ We agree that the giving of plaintiff's Instruction No. 1 constituted reversible error, and we agree generally with the opinion of the Court of Appeals thereon. In substance, it instructed the jury that if defendant, in turning left into Kingshighway, crossed over the center line and into the north-bound traffic lane thereof and into collision with plaintiff's car, " * * * and if you further find that defendant in so operating her automobile across the center line and into the northbound traffic lane of said Kingshighway and into collision with the automobile plaintiff was operating at said time and place did then and there fail to exercise the highest degree of care and was thereby negligent, * * *," and that such negligence, if any, directly caused the collision and injury, plaintiff should recover. Appellant has violated our Rule 1.08(a), as amended, 42 V.A.M.S., in failing to set out the instruction in the argument of any of her briefs.

The principal errors which we find in this instruction are: (a) that it completely ignores the admitted factual element of skidding and does not properly hypothesize the necessary facts; and (b) that it assumes that defendant *operated* "her automobile across the center line," thus excluding the possibility of an accidental or non-negligent skidding as the proximate cause. As pointed out by the Court of Appeals, and finally admitted here by plain-

tiff's counsel, skidding was definitely a vital element in the case on the evidence of both parties; it could not be ignored in any fair hypothesis of the facts upon the present evidence. Actually, this did not constitute merely the omission of a conceded evidentiary fact (Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496); the instruction ignored, and permitted the jury to ignore, one material phase of the whole issue of negligence. And whether the negligence finally to be submitted lies in continuing to operate the car negligently along with or after the skidding, or in causing the skidding, the real issue must be submitted. As held by the Court of Appeals, this instruction "did not define the issue actually tried," so that the jury was left to speculate on negligence or no negligence. Instructions of a plaintiff may not ignore a material issue shown by his or her own evidence. McCollum v. Winnwood Amusement Co., 332 Mo. 779, 59 S.W.2d 693, 698; Alexander v. Barnes Grocery Co., 223 Mo.App. 1, 7 S.W.2d 370. It is not necessary here to review our cases declaring the necessity of hypothesizing the essential facts. By way of analogy, however, we may note the following: Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59; Karch v. Stewart, Mo., 315 S.W.2d 131, 138; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872; Kimmich v. Berry, Mo., 319 S.W.2d 546; Fitzpatrick v. St. Louis-San Francisco Ry. Co., Mo., 300 S.W.2d 490. Plaintiff has cited as authority for this mode of submission, cases in which, at least on the plaintiff's evidence, the defendant had simply driven a motor vehicle over on the wrong side of the road or off the road, without evidence of skidding or of any other exculpatory cause. Hanson v. Tucker, Mo., 303 S.W.2d 126; Harris v. Hughes, Mo. App., 266 S.W.2d 763; King v. Friederich, Mo.App., 43 S.W.2d 843; Lindsey v. Williams, Mo., 260 S.W.2d 472, certiorari denied Williams v. Lindsey, 347 U.S. 904, 74 S.Ct. 428, 98 L.Ed 1063. In cases of that type a general submission of negligence in crossing the center line or driving on the wrong side of the road has sometimes been

approved. That is not the situation in our case. The case of Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S.W.2d 562, also cited, is so wholly divergent on its facts and theory of submission that we need not discuss it. Nor is the present case one where plaintiff is merely excused from hypothesizing matters of affirmative defense which are not shown as material facts in his or her evidence. Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W.2d 1015.

After hypothesizing the fact that defendant did turn to her left on Kingshighway and, in so doing, "did cross over the center line * * *," the instruction proceeded: "* * * and if you find that defendant *in so operating* her automobile across the center line * * *" etc. This was a forthright assumption that the crossing and collision were due to defendant's *operation* of her car, as distinguished from any other cause. Evidence of skidding pervaded the whole case, and an affirmative defense of skidding was submitted in defendant's Instruction 5; we may readily see that the cause of the crossing of the line (and of the collision) was a question for the jury. In thus assuming the fact of "operating" as the cause, the instruction came into conflict with defendant's Instruction No. 5, which affirmatively hypothesized a "slide, and slip, and turn," and required the jury to determine whether such movement of the car, the collision, and plaintiff's injuries were caused by any act of negligence of the defendant. This was apparently intended, and may be considered, to require the jury to find whether the crossing of the line (and the collision) was caused by negligent *operation* or by accidental skidding. At best, the two instructions are inconsistent and the combined effect was misleading. See Karch v. Stewart, Mo., 315 S.W.2d 131, 137. We do not imply that Instruction No. 5 is to be considered as a model instruction under this evidence. Compare upon the impropriety of assuming controverted facts or issues: Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59, 64–65; Trump

v. Ballinger, Mo., 317 S.W.2d 355, 359; Karch v. Stewart, Mo., 315 S.W.2d 131, 137. The assumptions held prejudicially erroneous in those cases were no more violent than the assumption here. In fact, the assumption in the Karch case is, in some respects, much like that here.

The matters already decided make it unnecessary to consider any other points. As ruled by the Court of Appeals, the judgment will be reversed and the cause remanded for a new trial. The parties may, of course, if so advised and if permitted by the trial court, amend their pleadings.

Judgment reversed and cause remanded.

All concur.