Everett KITCHEN, Plaintiff-Respondent,

v.

Elmer Marvin PRATT, Defendant-Appellant.

No. 7757.

Springfield Court of Appeals.

Missouri.

May 15, 1959.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for appellant.

Earl R. Blackwell, Thurman, Nixon & Blackwell, Hillsboro, for respondent.

McDOWELL, Judge.

This appeal is from a judgment rendered in the Circuit Court of Stoddard County, Missouri, in favor of plaintiff and against defendant for damages in the sum of $1,750 arising out of injury to plaintiff's wife and damage to his automobile resulting from an automobile collision.

The petition alleged that plaintiff's wife was operating his automobile northwardly on State Highway 21 in Iron County and that she came into collision with defendant's pick-up truck causing injuries to his wife, the result of which plaintiff incurred medical expenses, loss of services and damage to his automobile in the sum of $10,800.

Four assignments of negligence were relied upon in the petition for recovery: A failure to drive on the right half of the roadway; excessive speed; that defendant negligently caused his vehicle to travel from the southbound lane of the roadway across the center line and into the northbound lane; and that defendant negligently operated his vehicle in the wrong lane of the roadway.

The answer was a general denial.

Plaintiff submitted his case to the jury on the defendant's alleged negligence in failing and omitting to drive on the right side; in permitting his automobile to travel from the south lane of the roadway across the center line into the north lane of the roadway; and in then and there operating his vehicle in the wrong lane of the said roadway.

The jury returned a verdict for plaintiff for $1750 upon which judgment was rendered. Defendant appealed.

The evidence decisive of the issues is mostly undisputed. The collision between plaintiff's car and the defendant's pick-up truck occurred about 11 o'clock A.M., March 23, 1957, on State Highway 21 in Iron County. Highway 21 is a two-lane, blacktop pavement with a white center line. At point of collision the road is more or less level and straight and at the time the pavement was wet from rain.

Nina Bernice Kitchen, wife of plaintiff, testified that as she was driving north in her lane of traffic at a speed of about 35 or 40 miles per hour, on March 23, 1957, about 11 o'clock A.M., she observed defendant's pick-up truck about the time it reached a bridge, coming south; that as the truck left the bridge she saw it leaving defendant's side of the road, crossing the white line to her side; that she pulled her car over to the right so that the right wheels of her car were on the shoulder when defendant's truck struck the car she was driving, turning it completely around, facing back south. She stated that it looked to her like defend-

ant's truck came suddenly across the white line.

There is no dispute in the evidence that defendant's truck did cross the center line and strike plaintiff's car on the east side of the road, as testified by plaintiff's wife.

Frank Sheible, State Patrolman, testified on behalf of plaintiff that he was called to the scene of accident and made an investigation of the collision; that when he arrived he found the pick-up truck, driven by defendant, and the Chevrolet sedan automobile driven by Nina Kitchen. He gave this testimony:

"Q. All right, what did Mr. Pratt tell you? A. He told me that he had a blowout on the left front and it pulled it into the other car. He said the accident was his fault."

Witness testified that there was an indentation on the highway, three feet from the center line on the east side; that when he arrived the pickup truck was about 120 or 130 feet south of the bridge. On cross-examination witness reiterated that Pratt had told him he had a blow-out on his left front wheel and it pulled him into the other car. He gave this testimony:

"Q. * * * Now, did you observe a scuffed mark leading up to that mark you found three feet from the center line? A. Yes, you could see where the tire had blown and pulled over the center line.

"Q. Now, where in the highway did this scuffed mark leading up to the mark in the highway start? A. You could see where he came over the bridge, the tracks, it was drizzling rain the best I remember, and you could see tire marks on the bridge where it came across, just about on the center line, and I don't know whether the tire blew there, but as it got on down there and the tire went down you could see the marks.

"Q. Where did the scuff mark begin from the blown out tire, Trooper Sheible, in which lane did that scuff mark begin? A.

It started just about the center line, right at the center line, and pulled across. The truck loaded, it pulled across the center line.

"Q. Did you examine Mr. Pratt's automobile, or rather pickup truck? A. Yes.

"Q. Did you observe whether or not there was a tire blown out on the pickup truck? A. Oh, yes."

The witness testified that a hole was blown in the side wall of the tire (indicating) a distance of some fourteen to sixteen inches and three inches wide.

Ogie Sellinger, Sheriff of Iron County, testified that he was called to investigate the collision and found that both the automobiles involved were on the east or right hand side of the road. He gave this testimony:

"Q. Did you observe any indentations in the highway there of any kind? A. There was some marks on the road.

"Q. What kind of marks, Sheriff? A. Well, I believe the left front tire of the pickup had blown out and there was rim marks or something had made a mark on the blacktop road.

"Q. On which side of the road was that? A. Well, it's on the right lane going north."

On cross-examination the sheriff testified that the left front tire of the Pratt vehicle was flat. He stated that the only mark he saw on the road was where something had made a mark on the blacktop; that he did not remember whether there were any marks leading up to that mark. He said there was extensive damage to the left front tire but that he could not tell just what caused the hole in the tire but it was flat.

Defendant testified that as he left the bridge, going south, he was traveling at a rate of around 35 miles per hour in his 1954 Chevrolet pick-up truck; that he heard a big noise, like a blow-out, which began to pull his car to the left. He gave this testimony:

"Q. All right, what did you do? A. I begin pulling the steering wheel to the right trying to hold it in the road."

He said that he continued to pull on the wheel until his car hit plaintiff's car. He testified that the collision occurred in the lane of traffic of plaintiff's car; that he had gotten over the center line at the time of collision. He gave this testimony:

"Q. How far away would you say that you were, Mr. Pratt, from Mrs. Kitchen's automobile when this blowout happened? A. Well, I think it was around 250 feet, 300 feet, something like that."

He said he was just estimating the distance; that he could not tell just exactly how far south of the bridge the collision occurred; that he could not testify as to how fast plaintiff's car was traveling but he would say about the same speed as his car. He gave this testimony on cross-examination:

"Q. Did you, when you heard this noise and started this gradual pulling over there, Mr. Pratt, did you reduce your speed somewhat? A. Well, I just took my foot off the accelerator, yes."

Witness stated that he did not think he put his brakes on.

In the first assignment of error appellant contends that the trial court erred in overruling his motion for a directed verdict and his after-trial motion for judgment, for the reason that plaintiff's evidence shows that the defendant had a blow-out which pulled him across the center line, and plaintiff failed to prove that either the blow-out or the crossing of the center line was caused by defendant's negligence.

To sustain this contention appellant cites Evans v. Colombo, Mo.App., 311 S.W.2d 141; Evans v. Colombo, Mo.Sup., 319 S.W.2d 549; State ex rel. Trading Post Co. v. Shain, 324 Mo. 588, 116 S.W.2d 99.

■ The evidence in behalf of both plaintiff and defendant is that the defendant had a blow-out just as his car left the bridge, which pulled the car across the highway into the path of plaintiff's car. It is true, as defendant contends, that the mere blow-out of the tire on defendant's truck in and of itself does not constitute negligence but that rule applies only where the evidence shows that the skidding is the sole factual cause of the occurrence. Rodefeld v. St. Louis Public Service Co., Mo.Sup., 275 S.W.2d 256, 258; Statler v. St. Louis Public Service Co., Mo.App., 300 S.W.2d 831, 834; Karch v. Stewart, Mo.Sup., 315 S.W.2d 131, 135; Evans v. Colombo, Mo.Sup., 319 S.W.2d 549, and cases cited therein.

In the instant case plaintiff's evidence shows that the road was level and straight at place of accident; that it was a two-way, blacktop paved road; that as defendant left the bridge he had a blow-out, according to his statement to the patrolman and the patrolman stated that the distance from the first indentations left on the pavement at the bridge was 120 to 130 feet from point of collision. Likewise, plaintiff's evidence shows that defendant did not put on his brakes, but, he said, took his foot off the accelerator and that defendant's truck was loaded. The evidence is undisputed that the road was slick from rain and defendant admits that his speed was about 35 miles an hour at time of blow-out.

■ We have concluded that the evidence here did show more than a mere blow-out as the factual cause of the collision. Evans v. Colombo, Mo.Sup., supra, 319 S.W.2d at page 551[1, 2]. We hold that the jury might have inferred negligence on the part of appellant from evidence and circumstances of which the blow-out was a part. Evans v. Colombo, Mo.Sup., supra, 319 S.W.2d at page 551; Triplett v. Beeler, Mo. Sup., 268 S.W.2d 814. We find against appellant on this assignment of error.

■ Under allegation of error numbered II, we agree with the law as contended for by appellant, to-wit, that plaintiff is bound by the evidence relating to the blow-out be-

cause it was the uncontradicted testimony of his witnesses. Craddock v. Greenberg Mercantile, Inc., Mo.Sup., 297 S.W.2d 541, 549; De Lay v. Ward, 364 Mo. 431, 262 S.W.2d 628, 633.

Under appellant's third assignment of error it is contended that Instruction No. 2, given for plaintiff, is erroneous for the reason it ignored plaintiff's evidence that defendant's tire blew out, and did not require the finding of any negligent acts which caused the crossing of the center line.

To sustain this alleged error the following authorities were cited: Evans v. Colombo, Mo.App., 311 S.W.2d 141; Evans v. Colombo, Mo.Sup., 319 S.W.2d 549; McCollum v. Winnwood Amusement Co., 332 Mo. 779, 59 S.W.2d 693; Wren v. Suburban Motor Transfer Co., Mo.App., 241 S.W. 464, 470; and Alexander v. Barnes Grocery Co., 223 Mo.App. 1, 7 S.W.2d 370, 373.

 We agree that the giving of plaintiff's instruction No. 2 constitutes reversible error. In substance, it instructed the jury that if the defendant failed and omitted to drive his vehicle upon the right half of the aforesaid highway, and that while operating his vehicle in a southerly direction did permit it to travel from the southbound lane of said highway across the center line into the northbound lane, and if the jury further found that defendant operated his vehicle in the wrong lane of said highway, and if they found that such acts constituted negligence on the part of defendant and that such negligent acts directly and proximately caused the collision and damage to plaintiff's automobile, then their verdict should be for the plaintiff.

 The principal errors in this instruction are (a) that it completely ignored the admitted factual element of blow-out and does not hypothesize the necessary facts; and, (b) that it assumes that defendant operated his truck across the center line, thus excluding the possibility of an accidental blow-out as the proximate cause. We think that the evidence of the blow-out was a vital

element for the jury's consideration in determining the liability of appellant. This instruction ignored, and permitted the jury to ignore, one of the material phases of the whole issue of negligence. The instruction did not define the issue actually tried so that the jury was left to speculate on negligence or no negligence. Instructions of plaintiff may not ignore a material issue shown by his (or her) own evidence. Evans v. Colombo, Mo.Sup., supra, 319 S.W.2d at page 552[3], and cases cited therein. The authorities set out herein so conclusively declare the law that we think it unnecessary to go into each of the other cases cited by appellant.

Judgment reversed and remanded for new trial in accordance with this opinion.

STONE, P. J., and RUARK, J., concur.