Nina Bernice KITCHEN, Plaintiff-Respondent,

v.

Elmer Marvin PRATT, Defendant-Appellant.

No. 7736.

Springfield Court of Appeals.

Missouri.

June 2, 1959.

See also, Mo.App., 324 S.W.2d 144.

Samuel Richeson, Dearing, Richeson & Weier, Hillsboro, for appellant.

Earl R. Blackwell, Thurman, Nixon & Blackwell, Hillsboro, for respondent.

McDOWELL, Judge.

This appeal is from a judgment for personal injuries in the sum of $5,000 rendered in favor of plaintiff, Nina Bernice Kitchen, against defendant, Elmer Marvin Pratt, in the Circuit Court of Stoddard County, Missouri, sustained when plaintiff's automobile collided with defendant's pick-up truck.

The petition stated that plaintiff was operating an automobile northwardly on Highway 21 in Iron County, Missouri, when it collided with defendant's pick-up truck due to the negligence of defendant in failing and omitting to drive his vehicle upon the right path of the roadway, in driving at an excessive rate of speed, in causing said vehicle to travel from the southbound lane of the roadway across the center line into the northbound roadway, and in operating his automobile on the wrong side of the roadway; that as a result of defendant's negligence plaintiff sustained injuries in the sum of $17,500.

The answer admitted the residence of defendant, and denied all other allegations of the petition.

Plaintiff submitted her case to the jury under Instruction No. 1 on defendant's negligence in failing and omitting to drive his vehicle upon the right hand side of the highway, in causing his vehicle to travel from the southbound lane of said highway across the center line and into the northbound lane and in operating his vehicle in the wrong lane of said roadway. The jury returned a verdict for plaintiff in the sum of $7,000. The court required a remittitur of $2,000 thus reducing the judgment to $5,000.

The collision occurred about 11:00 o'clock A.M., March 23, 1957, on U. S. Highway No. 21 in Iron County, just south of Graniteville. The highway is a two lane, blacktop pavement divided by a white center line. The road was more or less level and straight at point of collision and the pavement was wet from rain. Plaintiff testified that at the time of the collision she was traveling north, at a speed of not over 40 miles an hour; that she first observed defendant's truck before he crossed the bridge, which, at that time, was in his own lane of traffic; that as it left the bridge he came gradually over on plaintiff's side of the road, over the white line; that she slowed her car, put on the brakes, pulled over on the shoulder as far as she could; that defendant's truck kept coming and hit her car on the left front side, turning it completely around facing south. She did not know whether her car was moving at the time of the collision. On cross-examination plaintiff testified that she did not hear a tire on defendant's car blow out and she did not know how far defendant's truck was from her car at the time it came off the bridge or how fast he was traveling.

Plaintiff's evidence was supported by the testimony of Elaine Kitchen, her daughter, who was riding in the car with her at the time, and her husband, Everett Kitchen, who came to the scene of accident shortly after it happened. We think the facts definitely show that the accident took place in plaintiff's lane of traffic.

James R. Edmunds testified for plaintiff as follows:

"Q. Would you tell the jury on that day when you first saw Mr. Pratt's pickup truck? A. Well, it was, I would say approximately 700 yards from where the accident happened.

"Q. And what was it doing when you first saw it? A. He passed me.

"Q. How fast were you going at that time?" (To this question defendant objected, which objection was by the court overruled and witness answered.) "Well, I was traveling approximately 30 or 35 miles an hour."

Witness stated that it was raining that day and slick. He testified:

"Q. * * * did you ever lose sight of the Pratt truck? A. No, sir.

"Q. And did you see the collision itself? A. Well, I saw them when they hit, and, you know, they went to spinning around, and I drove on up there."

He stated he was not close enough to tell the positions of the automobiles when they came together.

Frank Sheible, State Highway Patrolman, testified for plaintiff that he was called to investigate the accident which occurred on Highway 21; that the pick-up truck, belonging to Elmer Marvin Pratt, and the Chevrolet sedan, driven by plaintiff, Nina Bernice Kitchen, were still at place of accident. He testified that it was raining and the pavement was wet; that plaintiff's car had been turned completely around and headed south on the east side of the highway and that the truck was setting near the shoulder on the blacktop. He gave this testimony:

"Q. Did you find any marks on the pavement there? A. Yes, I did." (Witness stated the marks showed to be three feet over the center line.)

"Q. When you say three feet over the center line, you mean in the northbound lane? A. Yes.

"Q. Did you take a statement from Mr. Pratt? A. (Reading.) 'I had a blow-out on the left front and it pulled into the other car. It was my fault.'

"Q. That was Mr. Pratt's statement? A. Yes."

On cross-examination the witness testified:

"Q. Trooper, you did find some skid marks on the highway there at the scene of the accident, didn't you? A. Yes, sir.

"Q. Isn't it a fact that the skid marks coming from the north toward the scene of the impact, and made by Mr. Pratt's vehicle, begin in the southbound lane, of the pavement? A. I believe that's correct.

"Q. In other words, the skid marks of the Pratt vehicle begin on his own side of the road and led angling over to the other side of the road, isn't that right? A. That's right.

"Q. And Mr. Pratt told you, didn't he, that the left front tire of his vehicle had blew out? A. Yes, sir, it had, I looked to see.

"Q. And you did see that the left front tire was blown out? A. Yes, sir.

"Mr. Blackwell: If the Court please, I'm going to object to that as being a conclusion of the witness. I think he can testify as to the appearance. * * *

"The Court: Objection sustained."

Witness then testified that the tire had a split in it eight or nine inches long lengthwise of the tread or crosswise; that the skid marks started in the southbound lane and went into the northbound lane into the path of Mrs. Kitchen's vehicle.

The Sheriff of Iron County testified that there were some marks on the east side of the road in the right lane going north where something had scarred the road; that they were the only skid marks he saw. On cross-examination he testified:

"Q. All right. Did you notice the tires of Mr. Pratt's vehicle, Mr. Selinger? A. Yes, the left front tire on the pickup truck was flat.

"Q. And did you look at the tire any more closely than to see that it was flat? A. Something had busted the tire, I don't know what caused it, but the tire seemed to have a busted place in it.

"Q. And what kind of broken place did you see? A. It was just across the tread of the tire was busted open.

"Q. A split? A. A split in the tire."

Harry LaCamp testified for defendant. He stated he operated a repair shop; that he removed the left front tire from defendant's truck, noted the serial number thereon and identified the tire as the one he removed from the truck.

Defendant testified that on the day in question he was using the truck for selling shrubbery; that he had owned it about nine months and had driven it about 1,000 miles since its purchase; that the tires on the front were the same as were on the truck at the time of purchase and he had had no difficulty with them. He identified exhibit No. 4 as the front tire on his truck. He stated he was traveling south on Highway 21; that it was raining and the road was an average two-lane, blacktop highway; that as he passed over a culvert he had a blow-out on the left front tire; that at that time he was traveling in his right hand lane and plaintiff in her own proper lane about 150 feet from him when his tire blew out. He said when the tire blew out the car pulled to the left; that he began to fight it, pulling on the steering wheel, trying to hold it in the road, and that he pulled so hard he broke the steering wheel; that he was not able to hold it and that the car gradually went over on the other side of the road; that the blow-out pulled it to his left; that he made a little attempt to apply his brakes, but not much, because he was afraid it might turn the truck over or pull it crossways of the

road; that when the tire blew out he was traveling about 35 miles an hour; that at the time of the collision he was to the left of the center line, not over two or three feet of his car would have been across the center line.

■ Appellant assigns as error the trial court's action in admitting evidence by plaintiff's witness, Edmund, over defendant's objection as to the fact that defendant had overtaken and passed him some 700 yards north of the accident for the reason that it was too remote and was no evidence of negligence at the time of the collision.

To support this contention appellant cites Wood v. Claussen, Mo.App., 207 S.W.2d 802; Harter v. King, Mo.App., 259 S.W.2d 94; Sisk v. Industrial Track Const. Co., Mo.Sup., 295 S.W. 751; McComb v. Vaughn, 358 Mo. 951, 218 S.W.2d 548; and Stelmach v. Saul, Mo.App., 51 S.W.2d 886.

This law was declared in the cases above cited but all of such authorities were cases in which speed was a prime factor in the finding of negligence. Respondent did not submit her case on nor instruct on the defendant's negligence by reason of speed, either disjunctively or conjunctively. Speed was not an ultimate fact to be found by the jury. This evidence was properly admitted for another reason. The witness testified that the truck passed him when he was driving 30 or 35 miles an hour, 700 yards from the point of collision with plaintiff's car, and that he was never out of sight of the truck until it collided with her car. He stated he saw the accident. Under these facts had speed been an ultimate factor to be proved in plaintiff's case, the testimony would have been admissible. Douglas v. Twenter, 364 Mo. 71, 259 S.W. 2d 353.

In this case five witnesses testified that at a place one-half to three-fourths of a mile to point of collision, a truck passed an automobile which witnesses were driv-

ing or in which they were riding, at a speed of 40 to 45 miles per hour. One of the ultimate facts to be proved by the plaintiff was the speed of the truck at the time of the collision and the court stated on page 357 [2–5]:

"Viewing the testimony of these five witnesses from the standpoint most favorable to plaintiff, and according to plaintiff all reasonable inferences therefrom, the jury could have found that Twenter continued to drive at 40 to 45 m. p. h. from the time he was last observed by these witnesses until he reached the crest of the hill just west of the collision point. True, none of the five testified that he observed the truck until it *reached* the crest of the hill; but the testimony of some of them was such that the jury could find that the witnesses' observation continued until the truck was near the crest and that this observation was only a few seconds before the collision.

" * * * Whether the probative value of this testimony on the ultimate issue of excessive speed at the time of the collision was sufficient to justify its admission, in view of the positive testimony on this issue, was a question for the trial court in the exercise of a sound discretion. * *"

In Stelmach v. Saul, supra, 51 S.W.2d on page 888 of the opinion the court stated:

" * * * appellate courts are reluctant to interfere with the exercise of such discretion * * * unless it clearly appears that such action of the trial court is in direct conflict with established rules of law, or amounts to judicial indiscretion. * * *"

We find no merit in appellant's first assignment of error.

Under allegation of error numbered II, appellant complains of the action of the trial court in overruling his motion for directed verdict and his after-trial motion for judgment for the reason that plaintiff's evidence shows that defendant had a blow-

out which took his vehicle out of control and plaintiff failed to prove that either the blow-out or the crossing of the center line was caused by defendant's negligence.

To sustain this alleged error appellant relies upon Evans v. Colombo, Mo.App., 311 S.W.2d 141; Evans v. Colombo, Mo. Sup., 319 S.W.2d 549; State ex rel. Trading Post Co. v. Shain, 342 Mo. 588, 116 S. W.2d 99; and Thaller v. Skinner & Kennedy Co., Mo.Sup., 315 S.W.2d 124.

In Evans v. Colombo, Mo.App., 311 S.W. 2d 141, plaintiff relied upon several assignments of primary negligence, one of which was that defendant negligently drove and operated an automobile over on the wrong side or east side of Kingshighway and into collision with plaintiff's automobile. Plaintiff's verdict-directing instruction submitted that defendant negligently drove an automobile westwardly on Magnolia and turned left into Kingshighway and that in so doing defendant did cross over the center line into the northbound traffic lane of said Kingshighway and into collision with plaintiff's automobile. Defendant's verdict-directing instruction submitted the slippery condition of the street and directed a verdict for defendant upon a finding that the Mercury slid and slipped into collision with the Buick without negligence on defendant's part.

The first allegation of error was as to the action of the court in overruling appellant's motion for directed verdict and for judgment notwithstanding the verdict for the reason that the evidence showed nothing but skidding which does not necessarily constitute negligence; that the jury was required to speculate and guess as to the negligence on the part of defendant. On page 144 [1–7] the court stated:

"Ordinarily, proof of the driving of an automobile from the driver's right-hand side of the highway across the center line onto the wrong side and into collision with plaintiff's automobile makes a submissible case of negligence. In that situation the burden is not upon plaintiff to exclude the possibility of accident or of other causes for which defendant is not liable. Proof of driving across the center line is substantial evidence that the injury resulted from a cause for which defendant is liable. In the instant case, however, plaintiff introduced evidence that the Mercury skidded across from the right to the wrong side of the center line. Plaintiff is bound by the evidence relating to skidding because it was the uncontradicted testimony of her own witnesses. Craddock v. Greenberg Mercantile, Inc., Mo.Sup., 297 S.W.2d 541. Proof of skidding of an automobile into collision with another does not necessarily establish negligence. * * *

"Proof of skidding across a center line does not make a submissible case of negligence simply because the center line was crossed."

This case was transferred to the Supreme Court and by that court decided in Evans v. Colombo, 319 S.W.2d 549. The Supreme Court affirmed the ruling of the St. Louis Court of Appeals in remanding the case for a rehearing but, in so doing, held that a submissible case was made but that the verdict-directing instruction of plaintiff was erroneous. On page 550 [1] the court stated:

"It is true that evidence of *mere skidding* does not make a submissible case, if there is nothing more. Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W. 2d 59; Heidt v. People's Motorbus Co. of St. Louis, 219 Mo.App. 683, 284 S.W. 840; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872; Karch v. Stewart, Mo., 315 S.W.2d 131; Polokoff v. Sanell, Mo.App., 52 S.W. 2d 443. But this rule, it is said, applies only where the evidence shows that the skidding 'is the "sole factual cause" '. Rodefeld v. St. Louis Public Service Co., Mo., 275 S.W.2d 256, 258, citing Dodson v. Maddox, 359 Mo. 742, 223 S.W.2d 434, and Story v. People's Motorbus Co., 327 Mo. 719, 37 S.W.2d 898. See, also, Karch v. Stewart, Mo., 315 S.W.2d 131, 135, which so holds. And, although negligence may

not be inferred from skidding alone, it may be found or inferred from evidence and circumstances of which skidding is a part. Triplett v. Beeler, Mo., 268 S.W.2d 814; Statler v. St. Louis Public Service Co., Mo. App., 300 S.W.2d 831; Rodefeld, supra; * * *"

It will be noted that in Evans v. Colombo, Mo.Sup., supra, the plaintiff introduced in evidence as a part of her case the oral statements to policemen made by defendant as to the skidding of the car causing the accident.

In the instant case plaintiff introduced the oral statements of the defendant made to highway patrolman that he had a blowout on the left front wheel of his truck, which caused it to cross the center line of the road and come into collision with the car driven by plaintiff and that it was his fault. There was no objection that this was a self-serving statement on the part of plaintiff, as contended by plaintiff in her brief. Plaintiff's witnesses further testified as to marks on the road leading from the lane of traffic of defendant's truck gradually across the center line into the lane of traffic of the car driven by plaintiff. Plaintiff's witnesses testified that they observed the tire after the accident. One witness said it had a split in it eight or nine inches long. Another of plaintiff's witnesses testified that the tire was "busted" but he did not know what the cause was. Plaintiff testified that she observed defendant's truck as it left the bridge meeting her and that it came gradually across into her lane of traffic, causing the collision.

■ Under the ruling of the Supreme Court in Evans v. Colombo, supra, and the law as declared in the other authorities cited by plaintiff, we think that plaintiff did make a submissible case. The rule as contended for by appellant applies only where the evidence showed that the blow-out, relied upon by the defendant, is the sole factual cause. (See authorities cited in Evans v. Colombo, Mo.Sup., supra.) We

conclude that the evidence in the instant case did show more than a mere blow-out. There was evidence that the defendant was traveling approximately 35 miles an hour, in a loaded pick-up truck on a wet blacktop pavement; that he didn't put on his brakes; that he went gradually across the center line of the road and struck plaintiff's car with such violence as to turn it completely around. We hold that from all the circumstances a jury might properly infer that there was negligence in the continued operation of defendant's truck across the center line and into collision with the plaintiff. We find defendant's motion for directed verdict was properly denied.

■ Under allegation of error numbered III, it is contended that plaintiff is bound by the evidence relating to the blowout, because it was the uncontradicted testimony of her own witnesses, citing Craddock v. Greenberg Mercantile, Inc., Mo. Sup., 297 S.W.2d 541, 549; and De Lay v. Ward, 364 Mo. 431, 262 S.W.2d 628, 633.

With this contention of the law we agree.

■ Appellant's final contention is that the court erred in giving plaintiff's Instruction No. 1 for the reason that it ignored plaintiff's evidence that defendant's tire blew out and pulled him across the center line, and did not require the finding of any negligent act which caused the crossing of the center line.

To support this allegation appellant cites Evans v. Colombo, Mo.App., 311 S.W.2d 141; Evans v. Colombo, Mo.Sup., 319 S.W. 2d 549; McCollum v. Winnwood Amusement Co., 332 Mo. 779, 59 S.W.2d 693; Wren v. Suburban Motor Transfer Co., Mo.App., 241 S.W. 464; Alexander v. Barnes Grocery Co., 223 Mo.App. 1, 7 S.W. 2d 370, 373; and Karch v. Stewart, Mo. Sup., 315 S.W.2d 131.

With this contention we agree. In substance, Instruction 1 told the jury that if defendant failed and omitted to drive his vehicle upon the right half of the aforesaid highway and did cause said vehicle to

travel from the southbound lane of said roadway across the center line into the northbound lane and if the jury found that defendant operated his vehicle in the wrong lane of said roadway and further found that the aforesaid act constituted negligence, on the part of defendant, and that said negligence directly and proximately caused the collision thereby injuring plaintiff and that plaintiff at the time was exercising the highest degree of care in operating her car, their verdict should be for plaintiff.

The instruction completely ignores the admitted factual element of blow-out and does not properly hypothesize the necessary facts; and the instruction assumes that defendant operated his truck across the center line thus excluding the possibility of an accidental or non-negligent blow-out as the proximate cause. The blow-out was definitely a vital element in the cause under the evidence of both parties. It could not be ignored in any fair hypothesis of the facts under the present evidence. Actually this did not constitute merely the omission of the conceded evidentiary fact. Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496; Evans v. Colombo, supra, Mo.Sup., 319 S. W.2d at page 552.

■ This instruction ignored and permitted the jury to ignore one of the material phases of the whole issue of negligence. The real issue must be submitted. We think that the instruction did not define the issue actually tried so that the jury was left to speculate on negligence or no

negligence. Instructions of a plaintiff may not ignore a material issue shown by his (or her) own evidence. McCollum v. Winnwood Amusement Co., 332 Mo. 779, 59 S.W.2d 693, 698. See, also authorities cited in Evans v. Colombo, supra, Mo.Sup., 319 S.W.2d at page 552 [3].

The cause is reversed and remanded for new trial in accordance with this opinion.

RUARK, J., concurs.

STONE, P. J., concurs in the result.

RUARK, Judge.

I concur.

But my concurrence is on the assumption that the statement that plaintiff is bound by the evidence relating to the skidding is to be interpreted that she is "bound" in the sense she cannot ignore such evidence in her instruction, not that she is bound in the sense of an adopted theory or a judicial admission.

I believe that it was not error within the discretion of the court and under the circumstances of this case to admit the evidence of speed 700 yards up the road, this on the authority of Douglas v. Twenter, 364 Mo. 71, 259 S.W.2d 353. However, I do not wish to be taken as assenting to the proposition that such evidence, if incompetent, could not be prejudicial simply because it was not one of the ultimate facts submitted to the jury.