Jeanne Anne ROST, by Otto Rost, Her Father and Natural Guardian (Plaintiff), Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation (Defendant), Appellant.

No. 30415.

St. Louis Court of Appeals.
Missouri.

May 17, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied June 13, 1960.

Frank B. Green, St. Louis, for appellant.

James W. Jeans, Gray and Jeans, St. Louis, for respondent.

DOERNER, Commissioner.

Action for damages for personal injuries sustained in a collision between defendant's bus and an automobile driven by plaintiff. Plaintiff had verdict and judgment for $8,000, which on remittitur was reduced to $6,500, and defendant appealed.

The accident occurred on Sunday, July 27, 1958, about 4:30 p. m., on Hampton Avenue in the City of St. Louis, at a point about 150 feet north of the northern end of a viaduct which carries Hampton Avenue over Manchester Road. As indicated, Hampton Avenue is a north-south street, and as one driving northwardly leaves the viaduct there is a slight curve to the left, and a gradual rise in the grade of the street. As it crosses the viaduct Hampton Avenue is four-lanes wide, two for each direction of travel, but north of the viaduct it widens to a six-lane thoroughfare. There had been a heavy downpour of rain a short time before the occurrence, so that at the time of the collision the street was wet. Plaintiff, driving a Pontiac convertible belonging to her fiancé, Charles A. Mueller, who was a passenger in the car, was proceeding southwardly in the south-bound lane nearest the center of the street. Defendant's motorbus, which had been proceeding northwardly in the north-bound curb lane, after an erratic or side to side swerving movement of the rear end of the bus, described by some witnesses as a "fish tail" maneuver, veered sharply to its left and crossed the center line of Hampton Avenue, coming in contact with the car being driven by plaintiff and with one being driven to her right by Robert V. Rohlfing, Jr. Since no issue is raised as to the amount of the judgment, after remittitur, it is not necessary to state the extent of plaintiff's injuries.

■ It is contended by defendant that the court erred in overruling defendant's motion for a directed verdict at the close of the entire case because the evidence showed nothing more than a sudden, unexpected and uncontrollable skidding of its motorbus as the sole factual cause of the collision; and that evidence of mere skidding, in and of itself, does not make a submissible case. That such is the rule is amply supported by the cases of Evans v. Colombo, Mo., 319 S.W.2d 549; Girratono v. Kansas City Public Service Co., 363 Mo. 359, 251 S.W.2d 59; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872; and Heidt v. People's Motorbus Company of St. Louis, 219 Mo.App. 683, 284 S.W. 840, cited by defendant. But the evidence here, as did that in Evans v. Colombo, supra, showed more than a "mere skidding." There was evidence that after the rear of the motorbus initially swung to the left and then to the right the bus then straightened out; that after it had straightened out it turned or veered sharply to its left, straight across the street, crossed the center line of the street, blocking the line of traffic in which plaintiff was driving; and that after it was across the street it then skidded towards the plaintiff's car. There was also testimony that as the bus crossed the center line of the street it was somewhere between a car length and 35 feet from the approaching automobile driven by plaintiff. Thus, taking the evidence most favorable to the plaintiff, as we must, there was evidence from which a jury might properly infer that there was negligence in the continued operation or driving of the motorbus across the center line and into collision with plaintiff, and that the skidding which occurred was not the proximate cause of the accident. Plaintiff's petition charged, among other things, that defendant, through its

agent and servant, "* * * caused, suffered and permitted the vehicle to cross over the center line and strike the automobile in which plaintiff was riding," in violation of the statute and ordinance. Ordinarily, proof of the driving of a car onto the wrong side of the highway and into collision makes a submissible case of negligence. Evans v. Colombo, supra. And see Hanson v. Tucker, Mo., 303 S.W.2d 126; Harris v. Hughes, Mo.App., 266 S.W. 2d 763. We conclude that plaintiff made a submissible case and that the trial court did not err in overruling defendant's motion for a directed verdict. Evans v. Colombo, supra.

■ Defendant also complains that prejudicial error was committed in the giving of Instruction No. 1, offered by plaintiff. In substance, by it the jury was instructed that if the bus "fish tailed" and then crossed over the center line and skidded sideways into collision with the automobile driven by plaintiff "* * * and, if you further find, that in permitting the bus to cross over the center line and come into collision with the said automobile, under the circumstances as aforesaid, the driver of the bus failed to exercise the highest degree of care; and if you find that such failure, if any, directly caused injury to Jeanne Rost, then you are instructed that your verdict should be in favor of the plaintiff, Jeanne Rost." Since this was plaintiff's only verdict-directing instruction it is apparent that the sole negligence upon which she relied was that the operator of defendant's bus *permitted* the vehicle to cross the center line and collide with plaintiff's car.

In one sense the word "permit" is synonymous with the word "allow." See Witherspoon v. Guttierez, Mo., 327 S.W.2d 874, 880. It was so used in Instruction No. 1. The meaning thus connoted was that the operator allowed the bus to cross the center line; or, stated another way, that he could have exercised such control as to have prevented the bus from crossing the line but neglected to do so. Hence, the

phrase "* * * in permitting the bus to cross over the center line * * *" was an assumption that the operator allowed the bus to do so, and was in conflict with defendant's Instruction No. 2, which affirmatively hypothesized that after the rear of the bus slid back and forth the operator attempted to control the bus but was unable to do so and that "* * * the bus continued to slide and skid out of control and passed the center line of said Hampton Avenue * * *." In thus assuming a controverted fact Instruction No. 1 is similar to the instruction under consideration in Evans v. Colombo, Mo., 319 S.W.2d 549, 553, which read "'* * * and if you find that defendant *in so operating* her automobile across the center line * *'" of which the court said: "This was a forthright assumption that the crossing and collision were due to defendant's *operation* of her car, as distinguished from any other cause. * * *"

Plaintiff argues that by the preceding clause, "* * * the rear of the bus 'fish tailed' and the bus then crossed over the center line of the road and skidded sideways into collision with the automobile that Jeanne Rost was driving * * *," the jury was necessarily required to find that the skidding did not occur until *after* the bus had crossed over the center line. We do not so read the instruction. Rather, considering the juxtaposition of the words employed, it is more likely that the jury believed that it was sufficient to find that fishtailing, crossing of the line, and skidding were all part of one continuous and erratic movement of the bus. The word "crossed" meant nothing more than the physical movement of the bus from one side of the line to the other. Certainly there is nothing in the phrase which required the jury to find, as assumed in the succeeding clause, that the operator *permitted* the bus to cross the line. In fact, it did not even require the jury to find that the bus straightened out after it fishtailed, one of plaintiff's evidentiary facts greatly stressed in another part of plaintiff's brief.

A motion to dismiss the appeal for failure to comply with former Supreme Court Rule 1.08, 42 V.A.M.S., was taken with the case. While the defendant's brief is not above criticism, the deficiencies do not merit dismissal of defendant's appeal.

The Commissioner therefore recommends that the plaintiff's motion to dismiss the appeal be overruled, and that the judgment be reversed and the cause remanded.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, motion to dismiss appeal is overruled, judgment is reversed and the cause remanded.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.