**James DOYLE, a Minor, by Next Friend, Charles Doyle, Respondent,**

v.

**Harry WILMESHERRER, Appellant.**

No. 48883.

Supreme Court of Missouri,

Division No. 2.

July 16, 1962.

Alexander & Robertson, Ernest E. Baker, Leo C. De Voto, Jr., St. Louis, for appellant.

John W. Waller, Sullivan, G. C. Beckham, Steelville, for respondent.

STOCKARD, Commissioner.

Defendant has appealed from a judgment in the amount of $18,000 in favor of plaintiff for personal injuries resulting in the amputation of his left foot. We refer to the parties as designated in the trial court.

Plaintiff was 17 years of age when injured and 19 years of age at time of trial. He had not completed the eighth grade in school. For the most part his testimony consisted of "yes" and "no" answers given to leading questions on both direct examination (without objection) and on cross-examination. Defendant did not testify and he offered no evidence. Plaintiff was the only witness who testified to the circumstances leading up to or resulting in his injury. Therefore, our statement of the evidence consists principally, but not entirely, in relating the substance of leading questions to which plaintiff gave either a "yes" or "no" answer.

After working for defendant shelling corn plaintiff rode in defendant's three-quarter ton truck to Cuba, Missouri, and to the Cuba Feed and Grain Company where the loaded truck was weighed. Defendant drove the truck to the north side of the building to unload it, and to do so he intended to operate or drive the truck backward up a ramp or an inclined driveway into a hallway or passageway where the grain could be shoveled into a bin. Defendant told plaintiff to go up "there," apparently referring to the top of the incline, to direct him in the operation of the truck. Plaintiff walked up the driveway and stood in the hallway, on the side, right by the silo back against a post. He was "out of the traveled portion of the hallway." Defendant's truck had a flat bed with sideboards to hold grain. The bed was wider than the cab, and the only way one in the cab could see to the rear of the truck was to look back over his right shoulder and out of the window in the rear of the cab. It was difficult to see "in the window" of the cab because of the sideboards. Plaintiff could not see defendant in the truck "all of the time." Defendant had difficulty in backing the truck up the incline because the driveway was "kind of muddy." On the first attempt the truck "slid" and did not stay "in the lane." On the second attempt it again "slid" and "stopped right on the incline." Apparently it was on the third attempt that plaintiff was injured. On direct examination plaintiff said that the truck "got crossways and came over and pinned me against that post." On cross-examination, without first asking whether or not the truck skidded or slid, counsel for

defendant asked plaintiff if he jumped to the right "when you saw the truck skidding toward you," and plaintiff answered "No." He then asked plaintiff which way he moved "when you saw the truck sliding," and plaintiff answered "Here." In the cross-examination that followed these questions were asked and answers were given:

"Q. Jim, when you saw that truck backing up you didn't get out of the way; you didn't expect it to slide, did you?

"A. No.

"Q. There was nothing that happened that gave you any indication the truck was likely to slide, isn't that right?

"A. Yes.

\* \* \* \* \* \*

"Q. It slid on the mud, did it, Jim?

"A. Yes.

"Q. Then it came into you?

"A. Yes.

"Q. Jim, how far away from you was it when it started to slide?

"A. I don't know.

\* \* \* \* \* \*

"Q. It came back the direction it was supposed to be going towards the window?

"A. Yes.

"Q. All of a sudden it just started to slide toward you?

"A. Yes."

Plaintiff was then asked on redirect examination the following questions and he gave the following answers:

"Q. James, you said the first two times the truck tried to come up the incline it was sliding. Do you mean that the wheels were spinning going up the hill?

"A. Yes.

"Q. Did it stay in the traveled portion both times? \* \* \*

"A. Not the first time.

"Q. How about the second time?

"A. It stayed in it.

"Q. Were the wheels just spinning?

"A. Yes."

It is noted that the questions and answers on redirect examination apparently do not refer to the third attempt to back the truck up the incline, and if we interpret the evidence correctly, it was on the third attempt that plaintiff was injured.

▆▆▆ Defendant's first point on this appeal is that the trial court erred in denying his motion for a directed verdict "because plaintiff failed to prove that defendant committed any act of negligence alleged in [his] petition \* \* \*." Plaintiff abandoned all pleaded theories of negligence not submitted, Stroh v. Johns, Mo., 264 S.W.2d 304, and it has long been the rule that a petition will be treated as amended to conform to the evidence which was admitted without objection. Gooch v. Lake, Mo., 327 S.W.2d 132, 134; Dawley v. Hoy, Mo., 341 S.W.2d 111, 115; Civil Rules 55.54 and 74.30, V.A.M.R. Our subsequent discussion in connection with the alleged error in plaintiff's verdict-directing instruction will demonstrate that the evidence clearly establishes a submissible case. The motion for a directed verdict was properly overruled.

Instruction No. 1, in its material parts, hypothesized that the defendant was driving and operating his truck in reverse gear up an incline and into a driveway on the premises of the Cuba Feed and Grain Company; that he "knew that the plaintiff was in or near the driveway immediately behind said truck;" that "the defendant did then and there negligently drive said truck in reverse gear up said incline without keep-

ing a lookout for persons behind and to the left of said truck, and especially this plaintiff;" *and* "that at said time and place the defendant then and there drove and guided said truck in such a negligent manner that said truck did not stay in the center and traveled portion of said driveway, and that defendant negligently permitted said truck to travel to the extreme west edge of said driveway, and west of the traveled portions of said driveway, if you so find, and thereby caused said truck to strike and collide with plaintiff, if you so find; and * * * that as a direct and proximate result of said collision, * * * the plaintiff sustained a bodily injury," then the jury should find for plaintiff.

■ Defendant first contends that this instruction ignores the admitted fact of skidding, and that evidence of mere skidding alone does not make a submissible case. This latter contention is true if there is "nothing more" than skidding, Evans v. Colombo, Mo., 319 S.W.2d 549, 550, or the evidence shows that skidding "is the 'sole factual cause.'" Rodefeld v. St. Louis Public Service Company, Mo., 275 S.W.2d 256, 258. The evidence in this case shows that the immediate cause of plaintiff's injury was that the truck slid or turned sideways and struck him, but the evidence shows more than mere skidding as the factual cause. Defendant knew plaintiff was back of his truck, and he had twice tried unsuccessfully to back the truck up the muddy incline but could not because it spun its wheels and on one occasion slid or skidded out of "the lane." Therefore, a jury could reasonably find that defendant was negligent in attempting to back the truck up the incline the third time when he knew of plaintiff's presence and when he knew or should have known of the likelihood of it skidding or sliding sideways. In addition, the jury could also find that defendant was negligent in the operation of the truck by causing the wheels to spin when he knew or should have known that spinning the wheels would likely cause the truck to slide or

move sideways. We do not purport to say that the above two theories are the only basis on which negligence on the part of defendant could be found by the jury, but they are supported by the evidence, and if properly submitted could be found by the jury to be the proximate cause of plaintiff's injury.

■ We shall now look to the substance of the instruction. The first conjunctive submission is based on the failure to maintain a lookout to the rear and to the left of the truck. We question the propriety of a lookout instruction under the meager evidence. The evidence indicates, other than by resort to speculation, that defendant could not see to the rear of the truck. In that event, disregarding the issue of skidding, the proper submission would have been that defendant was negligent in moving his truck backward where and when he could not see. Also, the evidence on behalf of plaintiff, which is the only evidence in the case, clearly shows that the defendant knew where the plaintiff was. In fact, the instruction contained that hypothesis. A proper lookout on the part of defendant would have revealed nothing that he did not already know, and the failure to maintain a lookout in that circumstance could hardly be the proximate cause of plaintiff's injury. As we shall show in our discussion of the second conjunctive submission of negligence in the instruction, the essential factual issue in this case was the skidding or sliding of the truck and whether that was the result of defendant's negligence. Assuming, however, that a lookout instruction was proper, the submission contained in Instruction No. 1 was erroneous because there was no hypothesis of a causal connection between failure to maintain a lookout and plaintiff's injury. In a primary negligence case it is necessary that the verdict-directing instruction hypothesize facts supported by the evidence from which a jury is authorized to find that the defendant not only was negligent, but that such negligence directly

caused the plaintiff's injuries. Fortner v. St. Louis Public Service Co., Mo., 244 S.W.2d 10; Anderson v. Bell, Mo., 303 S.W.2d 93. See the comment in Missouri Civil Instructions, § 9.12, published by the Missouri Bar. Here, the only hypothesis of causation is set off by semicolons in such a way that it is limited to the second conjunctive submission of negligence. When analyzed, the "lookout" submission in Instruction No. 1 is no more than the abstract statement that "defendant did * * * negligently drive said truck * * * without keeping a lookout * * *."

■ We turn now to the second conjunctive submission. When analyzed it submits that "defendant * * * drove and guided said truck in such a negligent manner that [it] did not stay in the center and traveled portion of the driveway," and that he "negligently permitted said truck to travel to the extreme west edge of said driveway * * * and thereby caused said truck to strike * * * the plaintiff." This submission ignores the factual element of the truck sliding or moving sideways, and it does not hypothesize the necessary facts from which the jury could find the negligence of defendant which proximately caused plaintiff's injuries. The fact that the truck left the center portion of the driveway and went to the west edge thereof does not of itself demonstrate negligence, and it is totally insufficient to submit abstractly that defendant "negligently" drove and guided the truck or permitted it to leave the center portion and go to the west edge of the driveway. The applicable rules pertaining to the submission of negligence in a factual situation such as we have here are clearly and succinctly set out in Evans v. Colombo, Mo., 319 S.W.2d 549. This case is not one of "mere skidding" only, but like the instruction in the Evans case the instruction here ignores the evidence of skidding or sliding upon which the submission of negligence must be premised. The truck was moving in the direction it was "supposed to be going." Plaintiff was not in the "traveled portion" of the driveway, and all of a sudden it started to slide and it then struck plaintiff. The reason the truck hit him is because it moved, skidded, or slid sideways. Trucks are not driven or guided sideways, and if they move in that direction and injure someone the facts must be hypothesized from which the jury may find that the cause of that movement was negligence. In view of the complete analysis in the Evans case of the rules applicable to this case we need not restate them here, but we must necessarily conclude that Instruction No. 1 was prejudicially erroneous for the reason that it ignores the element of skidding, and it does not hypothesize the necessary facts from which the jury could find that the cause of the truck leaving the center or traveled portion of the driveway and striking plaintiff was some negligent act of defendant.

The remaining contention of error pertains to the argument by plaintiff's counsel that defendant did not introduce any evidence. The issue may or may not arise on retrial. If it does counsel may be guided by the rule announced in Brawley v. Esterly, Mo., 267 S.W.2d 655; Johnson v. St. Louis Public Service Co., Mo.App., 256 S.W.2d 308; and Smith v. Kansas City Rys. Co., 208 Mo.App. 139, 232 S.W. 261.

For the prejudicial error in Instruction No. 1 the judgment is necessarily reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.