Ida ROGERS, (Plaintiff) Respondent,

v.

Ruby Hazel SPAIN, (Defendant) Appellant.

No. 31552.

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1965.

Motion for Rehearing or for Transfer to Supreme Court Denied March 18, 1965.

Roberts & Roberts, Raymond R. Roberts, Farmington, for appellant.

Tyree C. Derrick, St. Louis, Robert A. McIlrath, Flat River, for respondent.

WOLFE, Acting Presiding Judge.

The plaintiff Ida Rogers brought this suit against defendant Ruby Hazel Spain to recover damages arising out of personal injuries which she sustained. The injuries were inflicted upon the plaintiff when the automobile in which she was riding as a passenger was struck by an automobile driven by the defendant. There was a verdict and judgment for the plaintiff, and the defendant prosecutes this appeal.

The facts giving rise to the action occurred on December 15, 1959, at about 3:45 p. m. Cleon Rogers, a son of the plaintiff, lived at Mine LaMotte with his mother and father. He was going to drive his Pontiac automobile out to a place where he had seen a cedar tree which he wanted to get to use as a Christmas tree. He invited his mother and father to ride with him. The plaintiff sat in the front seat with her son, and her husband sat in the back seat, as their son drove his car over Village Creek Road near Fredericktown, Missouri.

Village Creek Road is a gravel road 20 to 22 feet wide with a ditch on either side. It goes to the southeast in the direction that the plaintiff was traveling. Cleon Rogers, the plaintiff's son, testified that while traveling on his side of the road, at a speed of about 20 to 25 miles an hour, he came to

the crest of a small hill. There he saw the defendant's automobile coming from the opposite direction about 150 feet away and on his side of the road. He applied his brake at once and pulled as far as he could to the right without going into the ditch. But the defendant came on and veered toward him. When he had almost stopped his automobile, he was struck head on by the defendant's automobile. His mother, the plaintiff, was thrown forward, striking her head upon the windshield and suffering two cuts on her face. She was bleeding profusely as he helped her from the car. He applied a compress to stop the bleeding and held it upon her wounds until she was sufficiently conscious to hold it herself. He then went to a nearby house to phone for help. He testified that the defendant came over to the car while he was attending his mother and said, "It's my fault and I'm very sorry." There is no dispute about the fact that the collision took place on the plaintiff's side of the road; nor is the fact that she was traveling on the right side prior to the occurrence controverted. The skid marks her son's car made in stopping were in his proper lane, and there were skid marks left by the defendant's car which were in the plaintiff's lane.

The defendant in her own behalf testified that she was driving to Mine LaMotte and had driven onto the Village Creek Road from some other road where she had forded a creek, and that her brakes may have been wet. She said that she could have swerved to her right "if she hadn't been so scared." She said that when she applied her brakes they grabbed because of being wet, and the car swerved to the left.

The plaintiff was found to be suffering from a fractured left hip and many abrasions and bruises, in addition to the cuts mentioned. The evidence relating to this will be further stated in discussing the points raised in relation to it.

■ The first point raised is that the trial court erred in failing to strike the testimony of Dr. Hoffman because the doctor testified that there was an aggravation of arthritis and that the plaintiff did not plead a pre-existing condition of arthritis. The defendant cites us to Simon v. S. S. Kresge Co., Mo.App., 103 S.W.2d 523, and May v. Hexter, Mo.App., 226 S.W.2d 383. In both cases we held that under a general charge of injury, the defendant was to be held for such results as would naturally follow. It might be a natural result of such an injury if there was in fact a pre-existing arthritic condition, but it would not be a necessary result of it, and consequently a special pleading is required to show the existence of the arthritic condition if the plaintiff expects to recover for such an item of special damage.

The doctor in the instant case stated that the plaintiff suffered a fracture of the acetabulum, which is the hip socket. He said there were several fragments, and that the fracture extended into the left hip socket. He said that the fracture caused traumatic arthritis on the head of the left femur. The following questions and answers were relied upon by the defendant:

"Q. Doctor, are you assuming that the collision caused it, is that it, caused the arthritis? In other words, that the collision itself actually caused the arthritis?

"A. Her fracture of the acetabulum—

"Q. Actually caused the arthritis?

"A. Yes, it would be enough to aggravate it, yes, sir."

After this counsel for the defendant moved to strike the testimony relating to aggravated arthritis.

The doctor, however, later explained by saying that the traumatic arthritis that appeared on the X-ray was shown to have increased in a later X-ray. Nothing was ever said by the witness about a pre-exist-

ing arthritis. He at all times insisted that the arthritic condition was traumatic. We must therefore rule this point against the appellant.

◼ The next point raised by the appellant is, "The court erred in failing to strike the testimony of Dr. Taylor that the plaintiff's pain would most likely be permanent but could get entirely well as far as he knew because such testimony was speculative." The testimony of which the appellant complains is as follows:

"Q. * * * Do you know whether or not this is a permanent pain that she had?

"A. She still had it when I last saw her in June, 1961.

"Q. And from that would you assume, to a reasonable degree of medical certainty, that she would continue to have it, Doctor?

"A. Most likely. But it could get entirely well too as far as I know. But then the probabilities are that she would continue to have it."

Counsel moved to strike the testimony and to instruct the jury to disregard it on the ground that it was too speculative. The court overruled the motion. The Missouri Supreme Court stated, in Plank v. R. J. Brown Petroleum Co., 332 Mo. 1150, 61 S.W.2d 328, l. c. 334:

"To recover damages for permanent injury the permanency of the injury must be shown with reasonable certainty and while absolute certainty is not required mere conjecture or likelihood, or even a probability, of such injury will not sustain the allowance of damages therefor."

That case was quoted with approval in Kiger v. Terminal Railroad Association of St. Louis, Mo.Sup., 311 S.W.2d 5. See, also, Hahn v. McDowell, Mo.App., 349 S.W.2d 479; Mahany v. Kansas City Rys. Co., 286 Mo. 601, 228 S.W. 821; Clark v. Mississippi River and B. T. Ry., 324 Mo. 406, 23 S.W.2d 174.

The answers here considered are not statements simply of a likelihood or a probability, but they are statements that "to a reasonable degree of medical certainty" the injuries would be permanent. The fact that the doctor stated that the plaintiff could get well does not destroy the value of the statement, because the possibility of complete healing is most always present. As stated in Plank v. R. J. Brown Petroleum Co., supra, "absolute certainty is not required." We hold the statement, when considered with the question asked, as of course it must be, was not subject to the objection raised against it.

◼ It should also be noted that it is not contended here that the verdict is excessive, and the testimony of the doctor could only go to the measure of plaintiff's damages. Permanent injuries were not itemized in the measure of damage instruction, and the verdict appears to be but modest compensation for the injuries sustained. It therefore appears that if the testimony had been erroneously admitted, it would not be prejudicial. Millard v. St. Louis Public Service Co., Mo.App., 330 S.W.2d 147; Willis v. Rivermines I. G. A. Supermarket, Mo.App., 350 S.W.2d 437; Anderson v. Bell, Mo.Sup., 303 S.W.2d 93.

◼ The last assignment of error relates to the verdict-directing instruction given on behalf of the plaintiff. The defendant's first two objections to the instruction rest upon a contention that it hypothesizes negligence not pleaded. It is indeed prolix, and hypothesizes many unnecessary facts. All of the facts hypothesized were supported by the evidence, and it would have been evident to the jury that the negligence submitted was that the defendant operated her car on the left side of the highway. The main objection to the instruction is that it ignores the defendant's evidence that her brakes locked and caused her car to swerve to the left,

and that this and not her negligence was the proximate cause of the collision. The defendant offered and the court gave an instruction on this. If the evidence warranted the instruction given at the defendant's request, it would have been necessary for the plaintiff's verdict-directing instruction to predicate a verdict, not only upon the facts that favored her, but to also state that a verdict in her favor could not be reached if they found the defense asserted by the defendant to be true. We are cited to Evans v. Colombo, Mo.Sup., 319 S.W.2d 549. That was a skidding case where there was evidence upon which a jury might have found that "purely accidental skidding was the proximate cause."

No such situation is present in this case, for the undisputed evidence is that the defendant was negligently headed on a collision course with the car in which the plaintiff was riding as she traveled on the wrong side of the road toward plaintiff's car. There was no evidence from which a jury might have concluded that whatever swerving the defendant did was the proximate cause of the collision. Under the evidence, all that could have been found on the question of swerving was that the swerve brought the defendant's car farther into the path of the other car than it would have been had she not swerved. No evidence was presented from which it could have been said that, absent the swerve to the left, she would not have struck the car in which the plaintiff was riding.

That which we have said above in relation to the instruction given on behalf of the plaintiff leads us to the conclusion that it contained no prejudicial error. For that reason, and for the other reasons above stated, the judgment is affirmed.

ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.

RUDDY, J., not participating.