**Willis R. CROSSNO,**
**Plaintiff–Respondent,**

v.

**John J. TAUBE, Defendant–Appellant.**

**No. 53838.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 12, 1988.

W. Bevis Schock, David L. Pentland, St. Louis, for defendant-appellant.

Roy A. Walther, III, St. Louis, Michael A. Gross, Clayton, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals after a jury awarded plaintiff $22,500 in actual and $2,500 in punitive damages in his personal injury case arising out of an automobile collision. We affirm.

In defendant's sole point on appeal he alleges "The court admitted evidence regarding preexisting condition improperly because no preexisting conditions were alleged in the pleadings."

Plaintiff and defendant were involved in an automobile accident in which defendant's car entered an intersection against a red light and struck plaintiff's car broad-

side. Defendant pled guilty to driving under the influence of alcohol. In his petition, plaintiff claimed that he was injured in the following way: "[T]he muscles, tendons, ligaments, nerves and soft tissues of his cervical and lumbar spine were bruised, contused, lacerated, abraded, sprained, strained, and torn; [and] these injuries, their effects and consequences, are serious, permanent, painful and progressive."

A medical examination by Dr. David Wilkinson, a neurosurgeon, subsequent to the collision revealed spondylosis, or an accumulation of "spurs" on the vertebra in plaintiff's spine. Spondylosis is the formation of calcium on the vertebra. According to Dr. Wilkinson the spondylosis probably existed before the collision, but plaintiff may not have noticed its existence. Plaintiff testified he never had neck pain prior to the accident.

In the opinion of plaintiff's medical expert the collision caused both a muscle sprain and nerve irritation in plaintiff's neck. The nerve irritation was the result of the nerve being "dragged across" the preexisting spurs. There was no damage to the spurs.

When plaintiff sought to introduce into evidence the deposition of Dr. Wilkinson, defendant objected to any reference to spurring, spondylosis, or aggravation of any preexisting condition arguing that because the injury was attributable in part to the preexisting spurs, plaintiff was required to plead that condition specifically. The trial court overruled the objection, and now defendant claims, in doing so, the trial court erred.

 It is sufficient for a plaintiff to plead generally those injuries which naturally result from a particular negligent act. However, if it can be said that the injuries do not necessarily result from the negligent act, then a special pleading is required. Rule 55.19; *Rogers v. Spain*, 388 S.W.2d 518, 520 (Mo.App.1965).

For example, in *Simon v. S.S. Kresge Co.*, 103 S.W.2d 523, 526 (Mo.App.1937), the plaintiff's petition contained a general allegation that the plaintiff's "head, neck and back and the muscles, tendons, nerves,

ligaments, and joints thereof were bruised, twisted, contused, strained and sprained." The plaintiff's medical witness testified that the cause of the plaintiff's pain was arthritis of the spine, that it was unlikely the arthritis was caused by the accident in question, but that it was possible the arthritic condition was aggravated by the accident. The trial court decided, and we agreed, that the general allegation did not encompass aggravation of a preexisting arthritic condition, and that an amended petition was in order. *S.S. Kresge*, 103 S.W.2d at 527.

On the other hand, in *Leingang v. Geller, Ward and Hasner Hardware Co.*, 335 Mo. 549, 73 S.W.2d 256 (1934), plaintiff alleged injury to his lungs, that he developed tuberculosis, but omitted any allegation of a preexisting, latent tubercular condition. The trial court refused to admit medical testimony relating to the preexisting condition. In reversing, the supreme court concluded,

> Plaintiff's petition alleges injury to his lungs, that they have been greatly and permanently weakened, impaired, and rendered painful, with other allegations of lung injury, and that he developed tuberculosis. Certainly it cannot be said that defendant was not apprised by this petition that plaintiff claimed to be suffering from tuberculosis as a result of his injury. Appellant's argument seems to be that the petition would authorize proof only of tuberculosis originally caused solely by the blow received, but does not authorize evidence tending to prove that a prior latent or dormant condition, which plaintiff may have had (but which had never troubled him and which he did not even know existed), was quickened into life, called into active being, by the injury pleaded. We think such construction of the petition too narrow.

*Leingang*, 73 S.W.2d at 260–61.

 We think the pleadings and proof in the instant case are closer to those in *Leingang* than those in *S.S. Kresge*. Plaintiff's expert testified in deposition that plaintiff's pain resulted from a cervical sprain which then caused nerve inflammation. He also

testified that the accident in no way caused, changed, or affected the spurs and that the spurring condition in no way manifested itself prior to the accident. Plaintiff's petition fairly apprised defendant of the nature of these injuries when it was alleged that the "... nerves and soft tissue of [plaintiff's] cervical and lumbar spine were bruised, ... lacerated, abraded, sprained, strained and torn." We agree with trial court that this language is broad enough to encompass the injuries in question.

In concluding the trial court did not err in allowing the proffered testimony, we are mindful of the reasoning behind the rule requiring specific pleadings of special damages: "to give defendant fair notice of the damage that plaintiff will claim and thus to prevent surprise." *Condos v. Associated Transports, Inc.,* 453 S.W.2d 682, 690 (Mo.App.1970) *citing S.S. Kresge,* 103 S.W.2d at 526. The court in *S.S. Kresge* thought it significant that the medical report furnished defendant prior to trial made no mention of plaintiff's arthritis, that the issue was "injected into the case as an afterthought ... in the very midst of the trial," and that defendant was thereby deprived of the opportunity to defend on the issue. The same cannot be said of the instant case.

Defendant deposed plaintiff's medical expert 24 days prior to trial. At the deposition defendant questioned the expert extensively on the nature of plaintiff's spondylosis and how that condition related to plaintiff's then current condition. Thus, it can hardly be said defendant was deprived of notice of the damages claimed or he was surprised by the evidence relating to those damages.

The Missouri Supreme Court has noted that the opinions of the courts of appeals have not been in strict harmony on whether allegations in the petition are sufficiently specific to permit proof of the injury claimed. *Erbes v. Union Electric Company,* 353 S.W.2d 659, 668 (Mo.1962). In *Davis v. Kansas City Public Service Co.,* 361 Mo. 61, 233 S.W.2d 679, 683 (1950) and *Crockett v. City of Mexico,* 336 Mo. 145, 77 S.W.2d 464, 468 (1934), the supreme court recognized that where a specific pleading was required in order for evidence of certain injuries to be admitted, the admission of evidence not specifying pleadings was not always *prejudicial* error. In *Davis,* admitting evidence of aggravation of plaintiff's preexisting arthritic condition, of which there was no allegation in petition, was not prejudicial error in view of the manner in which defendant met the issue. *Davis,* 233 S.W.2d at 682–84. In *Crockett,* cited with approval in *Davis,* the court said:

> The trial court permitted plaintiff to introduce evidence of a fracture of a vertebra. Appellant railway company assigns this as error because it contends no such injury was pleaded. Plaintiff in his petition alleged "that his back and spine and the nerves, ligaments and muscles thereof were seriously wrenched, torn, bruised, contused and lacerated." These allegations may be termed general, but they specifically referred to injuries to the back and spine and were broad enough to cover a fracture of the vertebra. The defendant railway company met the issue at the trial and introduced a volume of testimony as to the extent of plaintiff's injuries, including evidence that plaintiff did not have a broken vertebra. Under the circumstances appellant was not prejudiced, even if technically correct in its position that an allegation to the effect that plaintiff's back and spine were lacerated did not include a broken vertebra....

*Crockett,* 77 S.W.2d at 467–68.

Here, defense counsel was permitted to argue the following over objection:

> This lawsuit is not over spondylosis. It's not over a—preexisting spurs. It is not over the spurs he had at the time of the accident that St. Anthony's found the next morning. What he is suing for and it's in the petition, ladies and gentlemen, is for a neck sprain. Now, I don't know and I'm not going to venture an answer of why he didn't sue for the preexisting—preexisting spondylosis or for the spurring, but he didn't. He didn't. He

**16**

is suing for a soft tissue neck injury. That is what the case is about.

We have found *no error in the admission* of the doctor's testimony. However, even if defendant's point had been technically correct, in light of his pretrial knowledge of the content of Dr. Wilkinson's deposition and his argument to the jury, any such error would not have required reversal. *See Crockett,* 77 S.W.2d at 467–68.

Judgment affirmed.

CRIST, P.J., and DOWD, J., concur.